NATIONAL UNION FIRE INSURANCE CO., Appellant, v. THURMAN J. DAVIS and wife IRMA P. DAVIS, Appellees. —389 S.W.(2d) 941.

Middle Section. February 26, 1965.

Certiorari Denied by Supreme Court May 3, 1965.

Richard Marshall, Nashville, for appellant.

Gerald L. Ewell, Manchester, for appellees.

PURYEAR, J. This case is in this Court by writ of error from the Chancery Court of Coffee County, and we will refer to the parties herein as they were designated in the lower court, to wit: Thurman J. Davis and wife Irma P. Davis, Complainants, and National Union Fire Insurance Company, Defendant. Complainants filed their original bill in the Chancery Court for the alleged purpose of recovering $1,347.98 and statutory penalty from the Defendant under the terms and provisions of a fire insurance policy which contained a standard mortgage clause in favor of Murfreesboro Federal Savings & Loan Association, as first mortgagee, and the Complainants as second mortgagees. The bill was thereafter amended so as to allege that the complainants were suing for $1,552.93, plus statutory penalty.

The bill further alleges that the policy of insurance was issued on November 7, 1961, and the building insured under the policy was damaged by fire on November 10, 1961.

The Defendant filed an answer in which it relied upon the defense that subsequent to the fire loss and prior to the time this suit was filed, the Complainants foreclosed their second mortgage on the property in question and purchased it at the foreclosure sale for $250.00 and later sold the same property for $7,000.00 and, by virtue of the

latter sale, they made a profit which was considerably more than the balance due on their mortgage, including expenses incurred by them and, therefore, they were not entitled to recover anything from the Defendant.

The cause was tried by the Chancellor upon depositions; and the Chancellor rendered a decree in favor of the Complainants and against the Defendant for $1,347.98 and a penalty of $337.00 for refusal in good faith to pay the loss, thus making a total of $1,684.98 awarded to the Complainants.

The undisputed facts of the case are that the Defendant Insurance Company and five other companies issued policies of fire insurance to W. Clyde Poe and wife, Effie Poe, for total coverage of $17,000.00 of which amount the Defendant Insurance Company insured $2,000.00, which policies all contained standard mortgage clauses similar to that mentioned in the bill filed by Complainants; that the building on the premises in question was damaged by fire on November 10, 1961, and that the total amount of damage to the building was somewhere between $11,457.86 and $13,200.00; that the Complainants foreclosed their mortgage on January 27, 1962, at which sale the Complainants purchased the property at $250.00, subject, of course, to the indebtedness due Murfreesboro Federal Savings & Loan Association. It also appears that the Complainants had paid $100.00 to the Manchester Fire Department and that after the fire they paid a watchman $375.00 to guard the premises; and that the other five insurance companies all paid their proportionate shares of the loss without litigation.

The learned Chancellor filed a memorandum opinion in this case in which he reached the following conclusions:

"Of course the complainants are only entitled to recover the amount of their loss under the mortgage clause to the maximum of the then balance after the satisfaction of the first mortgage. The proof shows the loss in the amount of a figure from $11,457.86 to $13,200.00. According to the proof there was a balance due on both mortgages at the time of the fire of $12,-822.78. Under the mortgage clause the first mortgagee was entitled to payment of the balance of $7,949.38. This left a balance of $2,054.60 to apply on complainants' second mortgage which when so applied would leave a balance due said complainants of $2,818.80. Defendant's two-seventeenths share of the coverage of the smaller appraisal would be $1,347.98, a figure less than due on the complainants' mortgage at the time of the fire loss.

"The right to recover from defendant accrued to the complainants under the mortgage clause as of the time of the loss. Such right continued until a time it would be barred by some statute of limitations. No change in the status of the parties relative to the property covered by the policy occurred subsequent to the loss that would defeat complainants' right or defendant's obligation.

"It is urged that complainants are not entitled to recover in this action because they later became the owners of the property involved and later sold same at a figure in excess of their original indebtedness. It is contended that because of this transaction and the payments made by other insurance companies, complainants ultimately realized a profit rather than a loss. The Court is unable to agree that this is a valid defense in this cause. It is an ingenious one but not

based on any sound legal principle of which the Court is aware. Counsel admits the lack of Tennessee authority to support his theory.

"There seems a clear distinction between the instant cause and the case of Power Building & Loan Association vs. Ajax Fire Insurance Company, [110 N.J. 256] 164 Atlantic [410] cited by defendant's counsel. In the cited case the Court was saying if the foreclosure sale produced a sum sufficient to discharge the mortgage, the mortgagee could not recover from the insurance company. Such is not the situation in the case at bar. In the cause under consideration the property sold for $250.00 at the foreclosure sale. While it is not entirely clear, it is likely that after payment of foreclosure expenses there was little, if any, net to be applied to the credit on the second mortgage note, if the entire amount of $250.00 was applied as a credit, it would not materially affect the situation existing.

"It is the opinion of the Court that complainants are entitled to recover from the defendant two-seventeenths of the loss covered by the policy in this cause. This should be calculated upon the appraisal of the loss at $11,457.86 rather than upon the basis of $13,200 or $13,330.00. It is contended by complainants that acceptance of the lesser appraisal by complainants was an offer of compromise and that they are not bound by such on trial of the cause. Granting this position to be sound, nevertheless the Court must conclude by the weight of the proof what the appraisal should be, Mr. Howell's appraisal seems more definite and detailed one, and the Taylor one not so definite. Then, too, the complainants accepted the Howell appraisal in settlement with the other companies. It might be said in this

connection that failure to pay by the defendant necessitated the expense of a suit. However, the penalty statute was enacted to cover such cases.

"The Court is of the opinion that this is a case justifying the allowance of the penalty provided by Section 56-1105 TCA, and it will be so decreed, and the costs of the cause adjudicated against the defendant." Tr. pp. 95-97.

We find no error in the foregoing conclusions of the Chancellor and we agree that the evidence preponderates in favor of such conclusions.

The Defendant filed three assignments of error and we will consider the first and second assignments together, because they raise substantially the same question. The principal insistence in these assignments of error is that after the fire loss occurred, the Complainants foreclosed their mortgage, purchased the property, and later sold it for a substantial profit, which more than paid their loss and, therefore, they should not be entitled to recover under the terms and provisions of the mortgage clause.

We agree with the Chancellor that the right to recover from Defendant accrued to the Complainants under the mortgage clause as of the time of the loss and that such right continued until a time it would be barred by some statute of limitations. We further agree with the Chancellor that no change occurred in the status of the parties relative to the property covered by the policy subsequent to the loss that would defeat the Complainants' right or Defendant's obligation.

The Defendant's counsel concedes that he is not able to find any Tennessee cases in point, but he relies upon the case of Power Building & Loan Association v. Ajax

Fire Insurance Company, 110 N.J. 256, 164 A. 410. We have read that case and find that the Court of Errors and Appeals of New Jersey held as follows:

"The stipulated state of facts fails to disclose whether the amount brought at this foreclosure sale was sufficient to satisfy the plaintiffs' mortgage in full or whether it was insufficient for that purpose, and this, in our opinion, is a vital factor in the case; for if the sale brought enough to pay the plaintiff's debt in full, that wiped out any liability on the part of the insurance company."

We do not think this New Jersey case is in point because, in the instant case, the evidence shows that at the foreclosure sale the property brought $250.00, while the stipulated facts in the New Jersey case do not show whether the amount brought at the foreclosure sale was sufficient to satisfy the plaintiff's mortgage in full or whether it was insufficient for that purpose.

The facts in the instant case also show that the Complainants paid taxes on the property and also spent some additional amounts on it between the time they purchased it at the foreclosure sale and the time they sold it to Mr. Ferrell. Tr. p. 76; Tr. p. 90.

Therefore, the first and second assignments of error are overruled.

■ In the third assignment of error the Defendant insists that the Chancellor erred in assessing a penalty of $337.00 on the basis that the Defendant was not in good faith in refusing to pay the loss. We also agree with the Chancellor that the Complainant should recover the penalty, especially in view of the fact that of six insurance companies involved in this loss, five of them (all

except the Defendant) paid their proportionate shares of the loss without litigation.

We assume that the Chancellor followed the decision of our Supreme Court in Edington v. Michigan Mut. Life Insurance Company, 134 Tenn. 188, 183 S.W. 728, and determined that $337.00 would be a reasonable fee for Complainants' attorney in this case and, therefore, fixed the penalty at that amount.

We find no merit in the third assignment of error and it is overruled.

Having overruled all of the assignments of error, the decree of the Chancellor is affirmed with costs.

Shriver and Humphreys, JJ., concur.