FEDERAL NATIONAL MORTGAGE ASSOCIATION, A CORPORATION
ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED
STATES *v.* GREAT AMERICAN INSURANCE COMPANY.

[No. 3-273A22. Filed August 21, 1973. Rehearing denied October 15, 1973.
Transfer denied February 19, 1974.]

*Fred M. Cuppy, Gerald K. Hrebec, Thomas, Burke, Dyerly & Cuppy,* of Gary, for appellant.

*Fred F. Eichhorn, David C. Jensen, Schroer, Eichhorn & Morrow,* of Hammond, *William J. Schaefle, Clausen, Hirsh, Miller & Gorman,* of Chicago, Illinois, for appellee.

HOFFMAN, C.J.—This is an appeal by plaintiff-appellant Federal National Mortgage Association (Federal) from a judgment granting the motion of defendant-appellee Great

American Insurance Company (Great American) for judgment on the pleadings and denying Federal's motion for partial summary judgment.

The judgment appealed from further decreed that Federal recover nothing by its suit except $213.01. Also, cited as error is the trial court's subsequent overruling of Federal's second motion to correct errors.

The complaint filed by Federal alleged that Great American had refused to pay under the terms of an insurance policy an amount allegedly due as the result of damage caused by fire to premises acquired by Federal at a sheriff's sale.

The trial court found that on March 1, 1970, Federal became mortgagee to certain premises located in Hobart, Indiana, which were owned by one Beverly Jane Scott and insured by her against loss by fire under a policy issued by Great American. The policy also contained the following mortgage clause which protected the mortgagee from loss resulting from destruction of its interest in the property:

"Mortgage Clause—Coverages A and B only. * * *

"Loss, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the first page of this policy, as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgages, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy: provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same."

Federal commenced foreclosure proceedings on May 28, 1970, and on October 30, 1970, received judgment in the

amount of $13,813.01, plus attorney's fees. On February 5, 1971, Federal purchased the property at a sheriff's sale by bidding $13,900, leaving all but $213.01 of its debt satisfied. Title was thereby vested in Federal as of February 5, 1971. On February 13, 1971, the property was damaged by fire whereupon Federal made a demand on Great American for payment of $10,000, which was refused except for $213.01.

Federal, therefore, asserts that under the policy the insurance company was, in case of fire, liable to the extent of the loss sustained to the premises, limited only by the preforeclosure debt, while Great American urges that its liability to Federal was limited to the deficiency.

Appellant raises as the basis of its appeal the following points of error: 1) that the decision of the trial court is contrary to law in that defendant's motion for judgment on the pleadings was founded upon the assumption that its policy contained a loss payable clause rather than a standard mortgage clause and therefore the trial court, by not differentiating between the two in its judgment, held erroneously that Federal was not a covered insured. Appellant further asserts that under Indiana law a policy containing a standard mortgage clause protects the mortgagee even though foreclosure proceedings are commenced and title is later acquired by the mortgagee at a sheriff's sale. Therefore, it is urged that 2) the trial court erred in overruling Federal's motion for partial summary judgment; and 3) that the court erred in granting Great American's motion for judgment on the pleadings.

Great American contends that a review of the entire policy, together with an examination of the mortgage clause, will disclose that the underlying reason for the clause is extinguished when the mortgagee becomes the owner. Further, appellee disputes the distinction made by Federal between a loss payable clause and a standard mortgage clause.

The principal issue is to what extent, under the afore-stated policy provisions, an insurer of a mortgagee's interest in certain premises is obligated to compensate the mortgagee for loss after the mortgagee has gained title at a foreclosure sale.

Further, a preliminary question which must be resolved is what interpretation or meaning is to be attached to the mortgage clause here involved.

We construe the above stated clause to be a standard or union mortgage clause and thereby conclude that Federal had effectuated a separate insurance contract with Great American. Under such an interpretation, the insured interest held by mortgagee-Federal increased upon its acquisition of title following foreclosure and entitled Federal to compensation for damages sustained to the premises, limited only by the amount of the pre-foreclosure debt.

8 Couch on Insurance 2d (1961), § 37:1162, at 670, states:

"Moreover, the union or standard mortgage clause, con-taining stipulations that in case the loss is payable to the mortgagee, his interest in the proceeds shall not be invalidated by the act or neglect of the mortgagor or owner of the insured property, or, less frequently, that no act or default of any person, except the mortgagee or those claiming under him, shall affect his rights under the policy, is uniformly considered as operating to effect a separate and independent insurance of the mortgagee's interest, and his acquisition of title to the insured property is generally regarded as an increase of interest, rather than a change of ownership." (Footnote omitted.)

The phrase "and this insurance as to the interest of the mortgagee * * * only therein, *shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure * * * nor by any change in the title or owner-*ship of the property" (emphasis supplied), indicates, in the instant clause, an intention to "effect a separate and inde-

pendent insurance of the mortgagee's interest." 8 Couch 2d, § 37:1162, *supra. Northwestern National Insurance Company* v. *Mildenberger* (Mo. App. 1962), 359 S. W. 2d 380; *Prudential Ins. Co.* v. *German Mut. Fire Ins. Ass'n* (1937), 231 Mo. App. 699, 105 S. W. 2d 1001; *Oregon Mortgage Co.* v. *Hartford Fire Ins. Co.* (1922), 122 Wash. 183, 210 Pac. 385; 11 Couch on Insurance 2d (1963), § 42:712, at 361-362; 6A Appelman Ins. Law and Practice (1972), § 4164, at 477-491.

In *Prudential Ins. Co.* v. *German Mut. Fire Ins. Ass'n* (1933), 228 Mo. App. 139, at 141-142, 60 S. W. 2d 1008, at 1009, the court distinguishes between an open or loss payable clause and a union or standard mortgage clause:

"A policy that simply provides that it shall be payable to the mortgagee as his interest may appear is called an 'open mortgage clause,' * * *. This clause is to be distinguished from the 'union mortgage clause.' In the latter clause it is stipulated, in substance, that in case of loss the policy is payable to the mortgagee and that his interest as payee shall not be invalidated or affected by an act or omission of the mortgagor. Where there is merely an open mortgage clause there is no privity created between the company and the mortgagee, he not being a party to the contract but merely an appointee to receive the proceeds in case of loss. His rights will be defeated by a breach of the conditions of the policy by the mortgagor. If for any reason the policy becomes void or ceases to exist as to the insured, it is void and it ceases to exist as to the mortgagee. Whereas, the union mortgage clause operates as an independent contract of insurance between the mortgagee and the company upon the former's interest, which cannot be defeated by a breach of the conditions of the policy on the part of the mortgagor or solely by his act." (Citing authorities.)

*Prudential Ins. Co.* v. *German Mut. Fire Ins. Ass'n* (1937), 231 Mo. App. 699, 105 S. W. 2d 1001, is similar to the instant appeal. Therein the court at 1004-1005 of 105 S. W. 2d, stated:

"It must have been contemplated by the parties at the time such clause was attached to the original policy that the mortgage might be foreclosed on certain contingencies and that the plaintiff's interest in the property insured might be enlarged by the passage to it upon such foreclosure sale of the full title to the property as a purchaser at said sale to protect its interest as mortgagee. The nature of the plaintiff's interest as a mortgagee in the property insured was such that its interest might be changed from that of a mere mortgage holder with a lien into that of owner, upon the foreclosure of the mortgage through purchase thereof at such sale for the protection of its interests. The purpose of the clause was to protect the plaintiff in whatever interest it had at the time of any loss. A mere change in the character of interest from that of mortgagee to that of owner is not sufficient to defeat the insurance granted the mortgagee, for it must be considered that such a change or the possibility thereof was within the contemplation of the parties when the contract was made. Bailey v. American Central Ins. Co. (C. C.) 13 F. 250; First State Savings Bank of Croswell v. National Fire Ins. Co. of Hartford, Conn., 244 Mich. 668, 222 N. W. 116."

Further, where a standard mortgage clause has been shown to give rise to an independent contract, the case of *Haskin* v. *Greene* (1955), 205 Ore. 140, 286 P. 2d 128, has determined that the insurance company was obligated to compensate the mortgagee notwithstanding the fact that the mortgagee was the purchaser of the premises for the full amount of the debt and judgment. See also: *National Fire Ins. Co.* v. *Finerty Inv. Co.* (1934), 170 Okla. 44, 38 P. 2d 496; 1 Glenn on Mortgages, § 274, at 181 (1943) ; 46 C. J. S., *Insurance,* § 1147, at 30.

In *Trustees of Schools* v. *St. Paul Fire & Marine Ins. Co.* (1920), 296 Ill. 99, at 103, 129 N.E. 567, at 569, the court, when confronted with a similar clause, stated :

"It is admitted that by the agreement the insurance was not to be invalidated by a foreclosure, which could only apply in case the plaintiff became the purchaser, for the reason that if anyone else had purchased the plaintiff would not have had any further insurable interest."

In *Guardian Savings & L. Assn.* v. *Reserve Insurance Co.* (1971), 2 Ill. App. 3d 77, 276 N.E.2d 109, at 111, an action by a mortgagee-owner to recover proceeds of a fire policy which contained a standard mortgage clause, the court stated that,

"Therefore, since the clause only has meaning where the mortgagee purchases upon foreclosure, it is apparent that the provisions of the mortgage clause in question were clearly intended to cover the mortgagee's interest as it succeeded to ownership through foreclosure."

Certain of the cases cited by Great American were found to contain loss payable clauses. Consequently, those findings were contrary to the result reached herein. Where such a clause is present, the interest of the mortgagee decreases upon its acquisition of title following foreclosure to the extent that the mortgagee is compensated for the mortgagor's debt.

The trial court's failure to distinguish between a standard and a loss payable clause and, consequently, its finding that Federal was not a covered insured resulted in a decision contrary to law. The presence of a standard mortgage clause indicates the existence of a separate insurance contract by which the insured interest of Federal was increased when it procured title to the property.

In view of the foregoing, we find the decision of the trial court to be contrary to law.

The judgment of the trial court is, therefore, reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 300 N.E.2d 117.