**BENTON BANKING COMPANY,**
Appellee,

v.

**TENNESSEE FARMERS MUTUAL
INSURANCE COMPANY,**
Appellant.

Supreme Court of Tennessee,
at Knoxville.

Sept. 11, 1995.

Michael R. Campbell, Campbell & Campbell, Chattanooga, for appellant.

David S. Humberd, Cleveland, for appellee.

**OPINION**

ANDERSON, Chief Justice.

■ The sole issue presented by this appeal is whether a mortgagee's interest as loss payee in insurance proceeds payable as a result of a fire loss to the collateral securing the mortgagee's debt is affected by the extinguishment of the secured debt after the loss.

The trial court held that the mortgagee bank had an insurable interest that the insurance company was required to protect and that their failure to do so required payment of the insurance proceeds to the bank. The Court of Appeals affirmed, ruling that the

mortgagee bank's insurable interest is determined as of the time of the loss.

In this issue of first impression, we reverse and adopt the well-settled majority rule that the bank had no insurable interest under the insurance policy after the debt was extinguished.

**FACTUAL BACKGROUND**

On November 19, 1988, Scott and Michelle Neely financed the purchase of a home by signing a promissory note for $24,670.13 to Benton Banking Company, which was secured by a deed of trust on their home. Scott Neely's father, Hank Neely, signed the note as an accommodation maker. On November 17, 1989, the note was renewed and was again renewed on December 5, 1990; however, the last renewal note was not executed by Hank Neely.

The trust deed that secured the promissory notes executed by Scott and Michelle Neely required that the Neelys keep the house insured against fire loss in an amount not less than $35,000. The trust deed further required that the insurance policy provide "that loss, if any, shall be paid to the holder of said note ... as their interest may appear."

Scott and Michelle Neely complied with the trust deed provisions by insuring their home with a fire insurance policy issued by Tennessee Farmers Mutual Insurance Company. The policy listed the mortgagee/loss payee as Benton Banking Company and included the following provision:

7. **Mortgagee.**

Loss shall be payable to any mortgagee named in the Declarations, *to the extent of their interests* and in the order of precedence. Mortgagee includes a trustee under a trust deed. (Emphasis added.)

On December 3, 1991, Scott and Michelle Neely's home was damaged by fire. Two days later, on December 5, 1991, the maturity date for the Neely note, the Bank accepted a promissory note signed by Hank Neely in satisfaction of Scott and Michelle Neely's debt. In exchange for Hank Neely's payment of their debt, Scott and Michelle Neely

transferred the property to him through the execution of a warranty deed on January 4, 1992. Hank Neely, on the same date, executed a deed of trust on the property to secure his debt to the Bank.

As a result of the damage to the house caused by the December 3, 1991, fire, Tennessee Farmers Mutual Insurance Company issued a check dated December 20, 1991, in the amount of $12,351.00 to Scott and Michelle Neely and a building contractor chosen by them to repair the fire damage.

The contractor made some repairs to the damaged house; however, he did not complete the repairs and the repairs he made were not performed in a workman like manner. The contractor was paid all of the insurance proceeds, with the exception of $4,500.00, which was kept by Scott and Michelle Neely.

On July 6, 1992, the Benton Bank Company filed a complaint in the Chancery Court asserting that it was the proper payee under the insurance policy issued by Tennessee Farmers and sought to have the insurance company pay for the cost of repairing the house.

Following a bench trial, the Chancery Court ruled in favor of the Bank, holding that the Bank had an interest in the insurance proceeds. The Court of Appeals affirmed but agreed with the insurance company's position that the debt of Scott and Michelle Neely to the Bank had been extinguished and released in exchange for Hank Neely's note. The Court of Appeals found, however, that all of the events that occurred after the date of the loss, December 3, 1991, were irrelevant and did not affect the Bank's interest in the insurance proceeds.

We granted Tennessee Farmers' appeal to consider this issue of first impression in Tennessee—whether the extinguishment of Scott and Michelle Neely's debt to the Bank by the execution of Hank Neely's note after the fire loss also extinguished the Bank's insurable interest under the provisions of the insurance policy.

## EFFECT OF EXTINGUISHMENT OF DEBT ON INSURABLE INTEREST

In this Court, the Bank argues that the parties did not intend to release Tennessee Farmers from its contractual obligation to protect the mortgagee's interest in the insured building by accepting a promissory note from Hank Neely, the original co-maker. Tennessee Farmers asserts, on the other hand, that when the mortgage debt giving rise to its contractual obligation to the Bank as mortgagee was extinguished by the promissory note from Hank Neely for the full amount of the indebtedness on the property, the Bank lost its insurable interest and its right to recover under the loss payee clause of the insurance contract.

Generally, the rights of a loss payable mortgagee are determined at the time of the loss. *Nat'l Union Fire Ins. Co. v. Davis*, 54 Tenn.App. 255, 260–61, 389 S.W.2d 941, 943–44 (1965). Where, as here, a mortgage or insurance policy provides for insurance proceeds to be paid to the mortgagee "as its interest appears," the mortgagee is entitled to insurance proceeds to the extent of the mortgage debt. *First Fed. Sav. & Loan Ass'n v. Stone*, 467 N.E.2d 1226 (Ind.App. 1984); *Minnesota Fed. Sav. & Loan Ass'n v. Iowa Nat'l Mut. Ins. Co.*, 372 N.W.2d 763 (Minn.App.1985); *see generally* George J. Couch, 10A *Couch on Insurance 2d*, § 42:696 (1982 & Supp.1995) (hereafter —— Couch, § ——.).

Accordingly, it is well-settled in other jurisdictions that where a fire loss occurs and a loss payable mortgagee is thus vested with rights under an insurance policy, subsequent partial or full extinguishment of the debt giving rise to the insurable interest will reduce the loss payable mortgagee's interest in the insurance proceeds to the extent that the debt has been satisfied. *See Nationwide Mut. Fire Ins. Co. v. Wilborn*, 291 Ala. 193, 279 So.2d 460 (1973); *Fireman's Fund Mortgage Corp. v. Allstate Ins. Co.*, 838 P.2d 790 (Alaska 1992); *Burritt Mut. Sav. Bank of New Britain v. Transamerica Ins. Co.*, 180 Conn. 71, 428 A.2d 333 (1980); *Farmers & Merchants Sav. Bank v. Farm Bureau Mut. Ins. Co.*, 405 N.W.2d 834 (Iowa 1987); *Rush-*

*ing v. Dairyland Ins. Co.,* 456 So.2d 599 (La.1984); *Whitestone Sav. & Loan Ass'n v. Allstate Ins. Co.,* 28 N.Y.2d 332, 321 N.Y.S.2d 862, 270 N.E.2d 694 (1971); *Hellman v. Capurro,* 92 Nev. 314, 549 P.2d 750 (1976); *Haskin v. Greene,* 205 Or. 140, 286 P.2d 128 (1955) (dicta); *Arkansas Teacher Retirement Sys. v. Coronado Properties Ltd.,* 33 Ark. App. 17, 801 S.W.2d 50 (1990); *Imperial Mortgage Corp. v. Travelers Indem. Co. of Rhode Island,* 43 Colo.App. 74, 599 P.2d 276 (1979); *South Carolina Ins. Co. v. Pensacola Home & Sav. Ass'n,* 393 So.2d 1124 (Fla.App. 1980); *Partel, Inc. v. Harris Trust and Sav. Bank,* 106 Ill.App.3d 962, 63 Ill.Dec. 303, 437 N.E.2d 1225 (1982); *Fed. Nat'l Mortgage Ass'n. v. Great Am. Ins. Co.,* 157 Ind.App. 347, 300 N.E.2d 117 (1973); *Bankston v. Commercial Credit Corp.,* 86 So.2d 245 (La. App.1956); *Lembo v. Parks,* 6 Mass.App.Ct. 850, 372 N.E.2d 1316 (1978); *Northwestern Nat'l Ins. Co. v. Mildenberger,* 359 S.W.2d 380 (Mo.App.1962); *Tech Land Dev., Inc. v. South Carolina Ins. Co.,* 57 N.C.App. 566, 291 S.E.2d 821 (1982); *Power Bldg. and Loan Ass'n. v. Ajax Fire Ins. Co.,* 110 N.J.L. 256, 164 A. 410 (Err. & App.1933); *Campagna v. Underwriters at Lloyd's London,* 549 S.W.2d 17 (Tex.Civ.App.1977); *Universal Mortgage Co. Inc. v. Prudential Ins. Co.,* 799 F.2d 458 (9th Cir.1986) (applying California law); *Calvert Fire Ins. Co. v. Environs Dev. Corp.,* 601 F.2d 851 (5th Cir.1979) (applying Georgia law); *Ins. Co. of N. Am. v. Citizens Ins. Co. of N.J.,* 425 F.2d 1180 (7th Cir.1970) (applying Illinois law); *Rosenbaum v. Funcannon,* 308 F.2d 680 (9th Cir.1962) (applying California law); *see generally* 5 *Couch* § 29:77 and 10A *Couch* § 42:695; 5A Appleman, *Insurance Law and Practice,* § 3403, p. 302 (1970 & Supp.1994).

The rule was articulated with clarity in the leading case of *Rosenbaum v. Funcannon* as follows:

> The rights of a loss-payable mortgagee are determined as of the time of the loss. Therefore, an extinguishment of a mortgage or deed of trust by foreclosure after the loss does not affect the liability of the insurance company to a loss-payable mortgagee.

> . . . .

> It must be borne in mind, however, that extinguishment of a mortgage or deed of trust by sale of the property at foreclosure does not necessarily extinguish the debt itself. Only to the extent that the mortgagee receives payment upon the debt through the foreclosure is the debt itself extinguished. If the security property does not bring enough to pay the debt, the debt itself remains to the extent that it is unpaid, notwithstanding extinguishment of the mortgage as such by sale to third parties or acquisition by the mortgagee as bidder at foreclosure sale.

> It is in this sense that the rule is quite properly stated to the effect that extinguishment of the mortgage does not affect the liability of an insurance company to a loss-payable mortgagee.

> *On the other hand, it is well settled that full or partial extinguishment of the debt itself, whether prior to the loss or subsequent to the loss, precludes to the extent thereof, any recovery by the loss-payable mortgagee for the plain and sole reason that the debt, itself, has been to that extent extinguished.*

*Id.,* 308 F.2d at 684 (internal quotations and citations omitted) (emphasis added).

The purpose of the rule is clear. It is intended to prevent a mortgagee from receiving a double payment. The mortgagee's interest in the insurance proceeds is recognized as security for the payment of the debt. The insurance is an alternative source of payment and once the debt is paid by some other means, any right to the insurance is thereby extinguished. Equity requires that subsequent events, such as payment of the underlying debt, not be ignored when the court distributes the insurance proceeds. *Calvert Fire Ins. Co.,* 601 F.2d at 856; *South Carolina Ins. Co.,* 393 So.2d at 1125.

The New York Court of Appeals discussed the sensibility and practical purpose of the rule in *Whitestone Sav. and Loan Ass'n v. Allstate Ins. Co.,* as follows:

> The theory of recovery by a mortgagee is indemnity. The risk insured against is an impairment of the mortgaged property

which adversely affects the mortgagee's ability to resort to the property as a source of repayment. Where the debt has been satisfied in full subsequent to the fire, neither reason nor precedent suggest recovery on the policy by the mortgagee. The fact that a mortgagee may not recover on the insurance does not necessarily mean that an insurer will not be obligated to pay the mortgagor or other person entitled under the policy. Indeed, in the absence of defenses, it will be the mortgagor or his creditors who will recover.

The rule is not harsh and it is eminently practical. None disputes that the mortgagee is entitled to recover only his debt. *Id.*, 321 N.Y.S.2d at 865, 270 N.E.2d at 697.

Although the rule has more typically been applied in the situation where the debt is extinguished when a mortgagee bids the full amount of its debt at a foreclosure sale, clearly, the same principle applies with equal force to the facts of this case. Here, the Bank accepted a promissory note from Hank Neely for the entire amount owed on the property in satisfaction of Michelle and Scott Neely's obligation that was evidenced by the December 5, 1990 note. By accepting Hank Neely's note without recourse, Scott and Michelle Neely were released from their obligation. Tenn.Code Ann. § 47–3–802 (1992). At that point, the mortgage debt was fully extinguished and the Bank's interest in the insurance proceeds as loss payable mortgagee was terminated.

Accordingly we conclude that the Bank's right to the insurance proceeds as a loss payable mortgagee was terminated when it accepted Hank Neely's promissory note in satisfaction and payment of Michelle and Scott Neely's debt.

### *CONCLUSION*

Because the Bank's debt was extinguished and it had no interest in the property as a loss payable mortgagee, the trial court and Court of Appeals erred in ruling that the Bank was entitled to the insurance proceeds. The judgment of the Court of Appeals is therefore reversed and the case is remanded to the trial court for entry of judgment in favor of the defendant, Tennessee Farmers Mutual Insurance Company. The costs of this appeal are taxed to Benton Banking Company.

DROWOTA, REID, BIRCH and WHITE, JJ., concur.