PINK *v.* SMITH.

1. INSURANCE—STANDARD MORTGAGE CLAUSE—INDEPENDENT STATUS
OF MORTGAGEE.

Under so-called standard mortgage clause in fire insurance policy
the insurer is obligated by independent contract to pay fire
loss funds directly to the mortgagee, notwithstanding premises
covered were restored by mortgagor to as good a condition as
before the loss and irrespective of whether the premium on
the policy was paid by the holder of the interest of mortgagor
or mortgagee.

2. SAME—STANDARD MORTGAGE CLAUSE—RIGHTS OF PARTIES FIXED
AT TIME OF FIRE LOSS.

Rights of parties to fire loss funds under insurance policies is
fixed as of time of fire and loss.

3. SAME—MORTGAGES—PREMIUMS—FIRE LOSS.

In suit by owner of premises, subject to mortgage but on which
she was not liable, to recover amount of fire loss paid holder
of mortgagee interest, latter *held,* entitled to retain entire
said amount notwithstanding owner had caused premises to
be restored to as good a condition as before the fire and not-
withstanding her predecessor as holder of mortgagor interest
had paid premium on one of two policies involved and mort-
gagee had paid premium on other policy.

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted June 9, 1937. (Docket No. 44, Calendar
No. 39,543.)  Decided September 1, 1937.

Bill by Louis H. Pink, Superintendent of Insur-
ance of the State of New York, as liquidator of
Lloyds Insurance Company of America, a New
York corporation, against Floyd L. Smith and wife,
Mae Hess, Reconstruction Finance Corporation, a

corporation, and others for the foreclosure of a mortgage and other relief. Cross-bill by Mae Hess against plaintiff and defendant Reconstruction Finance Corporation for a money decree, a lien and other relief. Cross-bill by defendant Reconstruction Finance Corporation for relief sought in bill of complaint and for application of proceeds on indebtedness of plaintiff to defendant Reconstruction Finance Corporation. From decree for plaintiff and dismissal of cross-bill of defendant Hess, she appeals. Affirmed.

*Bodman, Longley, Bogle, Middleton & Farley,* for plaintiff.

*Butzel, Eaman, Long, Gust & Bills,* for defendant Reconstruction Finance Corporation.

*David M. Miro,* for defendant Hess.

Sharpe, J. On May 14, 1923, Floyd L. Smith and Ella A. Smith his wife, being the owners of an apartment building in the city of Highland Park, Michigan, executed their promissory note for $90,000 secured by a real estate mortgage upon the above mentioned property to the Detroit Fidelity & Surety Company. On November 4, 1932, the above surety company assigned and sold its interest in and to the promissory note and real estate mortgage to Lloyds Insurance Company of America; and on the 18th day of May, 1933, Lloyds assigned its interest in the note and mortgage to the Reconstruction Finance Corporation. Subsequent to this assignment the superintendent of insurance for the State of New York was ordered to liquidate the business of Lloyds Insurance Company; and in compliance with said order Louis H. Pink, as superintendent of insurance

of New York, became the lawful owner of the note and mortgage subject to the lien of the Reconstruction Finance Corporation.

July 12, 1933, Smith and wife, by quitclaim deed conveyed their interest in and to the above property to John W. Brown and Eva May Brown; and they, in turn, on July 9, 1934, by quitclaim deed conveyed their interest in the property to Mae Hess.

January 30, 1933, the Fidelity & Guaranty Fire Corporation issued a policy of fire insurance No. 420,020 covering the said mortgaged premises to Lloyds Insurance Company of America and legal representatives, the premium on which was paid by Lloyds Insurance Company of America. On November 28, 1933, the Fidelity & Guaranty Fire Corporation issued a policy of fire insurance No. 71,234 covering the same mortgaged premises to the commissioner of insurance, New York State, as liquidator of Lloyds Insurance Company of America and legal representatives. The premium on this policy was paid by the Browns, the owners of the mortgaged premises. On January 29, 1935, a portion of the mortgaged premises was damaged by fire and at the time of the fire both of said policies were in full force and effect.

Shortly after the fire Mae Hess caused the damage which resulted from the fire to be completely repaired and the premises to be restored to as good a condition as they were in before the fire. The cost of these repairs amounted to more than $800. The fire loss was adjusted at $523.40 on policy No. 420,020 and $261.70 on policy No. 71,234 and each of said drafts was made payable to Mae Hess, Reconstruction Finance Corporation and Louis H. Pink as liquidator of Lloyds Insurance Company of America. Owing to the fact that the above interested parties

could not agree as to who should receive the money, the drafts were surrendered and the Fidelity & Guaranty Fire Corporation issued two further drafts in payment of the fire loss, each of these two drafts was made payable to the Reconstruction Finance Corporation which applied the proceeds upon the indebtedness secured by the mortgage.

The above mortgage being in default, Louis H. Pink as liquidator of Lloyds Insurance Company of America, filed a bill in chancery to foreclose the same. On September 30, 1936, proofs were taken and the amount due on the said mortgage was the sum of $126,896.61 after crediting the amount received from the fire loss. Mae Hess filed a cross-bill to obtain payment of the money represented by the fire loss. A decree was entered granting plaintiff the relief prayed for in its bill of complaint and dismissing appellant's cross-bill.

Appellant appeals and contends:

1. That the court erred in disregarding the testimony that the premises in question were fully and properly repaired and placed in as good condition as existed prior to the fire loss in question, by Mae Hess, appellant herein; and that no loss having been incurred by the appellee, and there being no liability on the said mortgage indebtedness chargeable to Mae Hess, she became entitled to the fire loss funds;

2. That the court erred in disregarding the fact that the appellees' interest, not having been impaired or otherwise changed by reason of the fire, said premises having been fully restored and repaired by the appellant herein, therefore in equity and good conscience, the fire insurance loss funds should have been paid to the appellant, Mae Hess.

Policy No. 420,020 was taken out in the name of Lloyds Insurance Company, mortgagee; the pre-

miums were paid by the insurance company; and the interest insured under this policy was the mortgagee's interest. This policy had attached to it and in accordance with the covenants of the mortgage the following standard mortgage clause:

"Loss or damage, if any, under this policy, shall be payable to Reconstruction Finance Corporation, first mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand pay the same."

Policy No. 71,234 had a similar indorsement attached to it except the loss or damage should be payable first to the Reconstruction Finance Corporation, second "to any other interests as they may appear mortgagee."

In this cause it is admitted that under the terms of the policies the fire insurance covering the said premises and by virtue of the standard mortgage clause contained in said policies of insurance, the fire insurance company was obligated by independent contract to pay said moneys directly to the mortgagee. *Citizens State Bank of Clare* v. *State Mutual Rodded Fire Ins. Co. of Michigan,* 276 Mich. 62.

In 91 A. L. R. 1354, it is stated:

"The authorities which have passed upon the question seem to be agreed that if a mortgagee takes

out a policy insuring his interest, the insurer cannot set up as a defense the fact that the insured buildings have been restored by the mortgagor to as good a condition as before loss. *Ætna Ins. Co. of Hartford, Connecticut* v. *Baker* (1880), 71 Ind. 102. And see the reported case (*Savarese* v. *Ohio Farmers' Ins. Co. of LeRoy, Ohio,* 260 N. Y. 45 [182 N. E. 665, 91 A. L. R. 1341])."

In *Excelsior Fire Ins. Co.* v. *Royal Ins. Co. of Liverpool,* 55 N. Y. 343 (14 Am. Rep. 271), it was held that a mortgagee who had insured his interest at his own expense with no agreement or understanding with the mortgagor, is not required to exhaust his remedy upon the mortgage before enforcing his policy, and he can maintain his action thereon, although the property undestroyed is equal in value to the amount of the mortgage debt.

In policy No. 71,234, the premium was paid by the then equitable owner of the premises and the insurance made payable to the commissioner of insurance of New York State, as liquidator of the Lloyds Insurance Company of America. Appellant contends that as to this policy, at least, the sum of money received from the insurance company should be paid to Mae Hess and cite *Sheridan* v. *Peninsular Savings Bank,* 116 Mich. 545, as authority therefor. We have examined this case and find that the insurance was taken by the land contract vendee in his own name as the insured and the land contract did not require the vendee to make the proceeds of the insurance payable to the vendor, but in the case at bar the insurance was made payable to the mortgagee by the standard mortgage clause which, under the authority of *Citizens State Bank of Clare* v. *State Mutual Rodded Fire Ins. Co. of Michigan, supra,* constitutes a separate contract between the insurer and the mortgagee.

In 91 A. L. R. 1355 (annotation) it is said that where the mortgagee is insured by the mortgagor under a standard mortgage clause, the rights of the parties become fixed as of the time of the fire, and recovery by the mortagee is not precluded by the fact that the mortgagor repaired the insured building after the fire.

In *Savarese* v. *Ohio Farmers' Insurance Co. of Le Roy, Ohio,* 260 N. Y. 45, 54 (182 N. E. 665, 91 A. L. R. 1341), the court said:

"This is the contract which the company has made and for which it has received a premium. The act of the owner in making repairs was not for and in behalf of the company or as its agent. He contracted for and undertook the work without the consent of the company and without the knowledge or consent of the mortgagees. The time of the fire and of the loss established the rights of the parties, and in the absence of an election by the company to repair, the amount of the loss payable to the mortgagees became fixed as of that time. No act or neglect of the owner could invalidate or impair the mortgagees' rights under their separate policy of insurance as thus vested at the time the loss occurred."

See, also, *Foster* v. *Equitable Mutual Fire Ins. Co.,* 68 Mass. (2 Gray) 216; and *Ætna Insurance Co. of Hartford, Connecticut* v. *Baker,* 71 Ind. 102.

In our opinion, plaintiffs are entitled to the proceeds of the insurance policies. The restoration of the premises by the owner is immaterial.

The decree of the trial court is affirmed. Plaintiffs may recover costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Potter, and Chandler, JJ., concurred.