FEDERAL NATIONAL MORTGAGE ASSOCIATION v OHIO
CASUALTY INSURANCE COMPANY

1. INSURANCE—STANDARD MORTGAGE CLAUSE—FIRE DAMAGE—MORT-
GAGES—FORECLOSURE.

A mortgagee's rights to recover for fire damage under the "stand-
ard mortgage clause" of an insurance policy are not termi-
nated by his purchase of the property on foreclosure; the
language in the clause protecting the mortgagee despite
changes in ownership of the property necessarily implies that
protection to the party identified as mortgagee would continue
even in the event the mortgagee should lose or abandon that
status.

2. INSURANCE—STANDARD MORTGAGE CLAUSE—FORECLOSURE—
CHANGE OF OWNERSHIP.

Foreclosure of a mortgage resulting in acquisition of title by a
mortgagee is generally regarded as an increase of interest
rather than a "change of ownership" and does not require
notice to the insurer under a policy containing a union or
standard mortgage clause.

Appeal from Wayne, George T. Martin, J. Sub-
mitted Division 1 January 4, 1973, at Detroit.
(Docket No. 14284.) Decided April 25, 1973. Leave
to appeal denied, 390 Mich 762.

Complaint by Federal National Mortgage Associ-
ation and Consolidated Mortgage Corporation
against Ohio Casualty Insurance Company for
damages resulting from fire loss under a policy of
fire insurance. Summary judgment for plaintiffs.
Defendant appeals. Affirmed.

*Jesse R. Bacalis,* for plaintiffs.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 43 Am Jur 2d, Insurance § 890.

*Ralph H. Adams,* for defendant.

Before: V. J. Brennan, P. J., and T. M. Burns and Adams,* JJ.

V. J. Brennan, P. J. On December 13, 1968, defendant Ohio Casualty Ins. Co. (Ohio) issued a policy of fire insurance for a home located at 739 Lenox in the city of Detroit. The owners of the premises, Preston and Dorothy Traylor, were the named insureds under the policy. On March 19, 1969, Ohio issued an endorsement to that policy which consisted of a "standard mortgage clause" respecting the interest of plaintiffs (hereinafter referred to as FNMA) in the Traylors' property. That clause provided as follows:

"Loss or damage, if any, under this policy, shall be payable to * * * [FNMA] * * * mortgagee [or trustee] as interest may appear, and this insurance, as to the interest of the mortgagee [or trustee] only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee [or trustee] shall, on demand, pay the same.

"Provided also, that the mortgagee [or trustee] shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee [or trustee] and, unless permitted by this policy, it shall be noted thereon and the mortgagee [or trustee] shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"This Company reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee [or trustee] for ten days after notice to the mortgagee [or trustee] of such cancellation and shall then cease, and this Company shall have the right, on like notice, to cancel this agreement.

"Whenever this Company shall pay the mortgagee [or trustee] any sum for loss or damage under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option, pay to the mortgagee [or trustee] the whole principal due or to grow due on the mortgage, with interest accrued thereon to the date of such payment, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee [or trustee] to recover the full amount of their claim."

On April 24, 1970, FNMA began foreclosure proceedings under the mortgage, culminating in a sheriff's sale on July 31, 1970. FNMA was the purchaser at that sale, bidding the full amount due on the mortgage, including principal and interest. On November 2, 1970, a fire caused extensive damage to the home on Lenox; for reasons which are not germane to this lawsuit, Ohio cancelled the insurance policy on January 24, 1971. The redemption period expired, without redemption by the Traylors, on January 31, 1971. FNMA did not discover the fire loss until April 30, 1971, and Ohio did not learn of the fire until May 17, 1971.

Plaintiff sought and was granted summary judgment by the trial court; defendant now appeals and raises two issues: (1) that the purchase at

foreclosure by the mortgagee extinguished the debt and therefore also extinguished the mortgagee's rights under the policy of insurance, and (2) the failure to notify the insurer of the foreclosure proceedings precludes the mortgagee's recovery. Regarding the first issue, we have found no Michigan decisions precisely on point. However, there is abundant authority from other jurisdictions for various constructions of the "standard mortgage clause" here under consideration. We believe the better rule is that,

"where the loss is payable to the mortgagee as his interest may appear, and his rights in the insurance are not to be invalidated by any foreclosure or other proceeding or notice of sale, the mortgagee's interest in the insurance is not terminated by his purchase of the property on foreclosure. [Footnote omitted.]" 3 Couch on Insurance (2d ed), § 24:72, p 161.

We reach this conclusion because we feel the term "mortgagee" in the "standard mortgage clause" should not be interpreted to limit the recovery only so long as the mortgagee retains that precise status. Rather, we feel it should be construed as a shorthand method of referring to the party whose interest is thus protected, in the same manner as throughout this opinion we have referred to the Federal National Mortgage Association as FNMA. Furthermore, the language in the clause protecting the mortgagee despite changes in ownership of the property necessarily implies that protection to the party identified as mortgagee would continue even in the event that he should lose or abandon that status.

Regarding defendant's second argument, foreclosure by the mortgagee is not regarded as a "change of ownership" such as to require notice to

the insurer under the policy. As was stated in 43 Am Jur 2d, Insurance, § 890, p 852:

"Under a policy containing a union or standard mortgage clause, the mortgagee's interest is regarded as separately and independently insured, and his acquisition of title to the insured property is generally regarded as an increase of interest, rather than a change of ownership."

See also 45 CJS, Insurance, § 565 (c)(3).

Affirmed.

All concurred.