SMITH v GENERAL MORTGAGE CORPORATION

Docket No. 59699. Decided January 23, 1978. On application by plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded to Wayne Circuit Court.

Charles and Peggy Smith, mortgagors of real property which was totally destroyed by a fire, brought an action to compel General Mortgage Company, the mortgagee, to endorse a check for the proceeds of a fire insurance policy on the property or for equitable relief to prevent an unjust enrichment of the defendant. Federal National Mortgage Association, the assignee of the mortgagee, which had purchased the property at a foreclosure sale after the fire, intervened as a defendant. The Wayne Circuit Court, George E. Bowles, J., granted summary judgment for defendants. The Court of Appeals, Allen, P. J., and D. C. Riley, J. (D. E. Holbrook, J., concurring in part, dissenting in part), vacated the judgment of the trial court and remanded with instructions (Docket No. 24822). Plaintiffs appeal. *Held:*

1. When the loss occurs before a foreclosure sale in which the mortgagee purchases the property for a bid which extinguishes the mortgage debt, the mortgagee is not entitled to the insurance proceeds. The rights of the parties under the insurance policy were fixed at the time of the fire and the mortgagee's rights to the proceeds were terminated when the mortgage debt was satisfied.

2. In the instant case, however, application of this previously unannounced rule would confer an unearned benefit on the plaintiffs. They were compensated for the loss when their debt was extinguished. It would be unfair to award them the insurance proceeds also when the defendants paid the amount of the debt for worthless property.

3. The foreclosure in the instant case was improper and the plaintiffs should not be charged for the cost of that foreclosure.

4. The parties should be placed in the position they would have been in had their expectations and intent been carried out. The foreclosure is set aside and title to the property is returned to the plaintiffs. Defendant General Mortgage Corporation is ordered to pay from the proceeds of the insurance

policy $13,000 to defendant Federal National Mortgage Association and $5,000 jointly to the plaintiffs.

The judgment of the Court of Appeals is modified.

Chief Justice Kavanagh concurred in the discussion of the law applicable to this case but dissents from the relief granted the defendants. There is *no compelling reason to grant equitable relief in this case. The rule announced in this case has been adopted in other jurisdictions. A mortgage company should be presumed to know the law applicable to its business. The evidence does not support a finding that the parties entertained a *mutual* mistake of law. To allow the mortgagee, after effectively cutting off or discouraging lower bidders, to take the property and then establish that it was worth less than the bid encourages fraud, creates uncertainty as to the mortgagor's rights, and deprives the sale of whatever leaven comes from other bidders. The plaintiffs should be paid all of the insurance proceeds.

73 Mich App 720; 252 NW2d 551 (1977) modified.

*Rosenbaum, Bloom, Kaufman, Appell & Moses, P. C.,* for plaintiffs.

*Frank P. Neaton* for defendants.

PER CURIAM. The question raised by the plaintiffs' application for leave to appeal is who, as between the mortgagor and mortgagee, is entitled to fire insurance proceeds when the fire occurred before the mortgage foreclosure at which the mortgagee bid in the property for the balance remaining due on the mortgage.

The mortgage was executed on January 4, 1969. Plaintiffs Charles Smith and Peggy Smith were the mortgagors. Defendant General Mortgage Corporation was the named mortgagee and servicing agent for defendant Federal National Mortgage Association (FNMA). The mortgagee's interest was assigned by General Mortgage to FNMA. A clause in the mortgage created an insurable interest in the mortgagee. Plaintiff mortgagors were to pay for casualty insurance but payment in the event of

loss was to be sent to the mortgagee to be applied to reduce the mortgage debt or to repair the property. The property was insured for $18,000.

On October 17, 1974, the mortgaged house was totally destroyed by fire. The balance due on the mortgage was approximately $13,000. The plaintiffs were in default on their mortgage payments and defendant General Mortgage began foreclosure proceedings on December 1, 1974. At a foreclosure sale held on January 7, 1975, defendant FNMA bid in the property for $13,961, the amount of the outstanding debt plus foreclosure costs and attorney fees.

The insurance company sent a check for $18,000 to defendant General Mortgage six months after the foreclosure sale. The payees named on the check were General Mortgage and plaintiffs Charles Smith and Peggy Smith. No agreement was reached by the payees on the allocation of the insurance proceeds. The plaintiffs brought an equity action to compel defendant General Mortgage to endorse the check or to obtain equitable relief preventing an unjust enrichment of the defendants. The plaintiffs argued that they were entitled to the insurance proceeds because the mortgage debt was extinguished when FNMA bid in the amount of the debt at the foreclosure sale. The defendants argued that since the property was almost worthless, they were entitled to the amount of the debt plus costs and attorney fees. The trial judge granted the defendants' motion for summary judgment and awarded approximately $14,000 of the insurance proceeds to the defendants and the remaining $4,000 to the plaintiffs.

The trial judge relied on *Federal National Mortgage Ass'n v Ohio Casualty Ins Co,* 46 Mich App 587; 208 NW2d 573 (1973), in granting summary

judgment for the defendants. There, the fire occurred *after* the foreclosure sale. A clause in the mortgage stated that the mortgagee's rights in the insurance were not to be invalidated by any foreclosure or change in title. In such a case, the mortgagee's interest is covered by the policy at least until the mortgagor's equity of redemption expires. *Consolidated Mortgage Corp v American Security Ins Co,* 69 Mich App 251; 244 NW2d 434 (1976).

Here, the loss occurred *before* the mortgage sale. Although the mortgagee was entitled to the insurance proceeds to reduce the debt or repair the property, it instead purchased the property at the foreclosure sale. After a review of cases from other jurisdictions, the Court of Appeals concluded that mortgagees in the defendants' position were not entitled to the insurance proceeds but declined to apply the rule to this case. 73 Mich App 720; 252 NW2d 551 (1977).

We agree that when the loss occurs before a foreclosure sale in which the mortgagee purchases the property for a bid which extinguishes the mortgage debt, the mortgagee is not entitled to the insurance proceeds. *Whitestone Savings & Loan Ass'n v Allstate Ins Co,* 28 NY2d 332, 336–337; 321 NYS2d 862; 270 NE2d 694 (1971).

"The theory of recovery by a mortgagee is indemnity. The risk insured against is an impairment of the mortgaged property which adversely affects the mortgagee's ability to resort to the property as a source for repayment. Where the debt has been satisfied in full subsequent to the fire, neither reason nor precedent suggest recovery on the policy by the mortgagee.

\* \* \*

"The rule is not harsh and it is eminently practical. None disputes that the mortgagee is entitled to recover

only his debt. Any surplus value belongs to others, namely, the mortgagor or subsequent lienors. Indeed, it is not conceivable that the mortgagee could recover a deficiency judgment against the mortgagor if it had bid in the full amount of the debt at foreclosure sale. *To allow the mortgagee, after effectively cutting off or discouraging lower bidders, to take the property—and then establish that it was worth less than the bid— encourages fraud, creates uncertainty as to the mortgagor's rights, and most unfairly deprives the sale of whatever leaven comes from other bidders."*

See, also, *Northwestern National Ins Co v Mildenberger,* 359 SW2d 380 (Mo App, 1962). The rights of the parties under the insurance policy were fixed at the time of the fire, *Pink v Smith,* 281 Mich 107; 274 NW 727 (1937), and the mortgagee's right to the proceeds terminated when the mortgage debt was satisfied.

The defendants also contend that the mortgagors' right to the proceeds passed to them on transfer of title under the following clause of the mortgage:

"In event of foreclosure of this mortgage or other transfer of title to the mortgaged property in extinguishment of the indebtedness secured hereby, all right, title and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or grantee."

This provision passes on coverage under the insurance policy; it does not transfer the right to proceeds which vested at the time of the fire.

Strict application of the rule in *Whitestone Savings & Loan Ass'n, supra,* would work an injustice in this case. Although *Smith v Grange Mutual Fire Ins Co of Michigan,* 234 Mich 119; 208 NW 145 (1926), includes statements which support the

plaintiffs' position, that case did not involve a dispute between a mortgagor and a mortgagee. Enforcement of this previously unannounced rule would confer an unearned benefit on the plaintiffs. The plaintiffs were compensated for the fire loss when their debt was satisfied. It would be unfair to also award them the insurance proceeds when the defendants paid the amount of the debt for worthless property.

However, we agree with Judge Holbrook's dissent from the relief ordered by the Court of Appeals. The Court of Appeals awarded the defendant $961 for foreclosure costs and attorney fees in addition to the amount outstanding on the mortgage at the time of the fire loss. The foreclosure was improper and the plaintiffs should not be charged for the cost of that foreclosure. The parties should be placed in the position they would have been in had their expectations and intent been carried out. The foreclosure is set aside and title to the property is returned to the plaintiffs. Plaintiffs shall endorse the check from the insurance company now held by defendant General Mortgage. From the proceeds of that check, defendant General Mortgage shall pay $13,000 to defendant FNMA and pay the remaining $5,000 jointly to the plaintiffs.

In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), the judgment awarded by the Court of Appeals is vacated and the case is remanded to Wayne Circuit Court for entry of a judgment conforming with this opinion.

Williams, Levin, Coleman, Fitzgerald, Ryan, and Blair Moody, Jr., JJ., concurred.

Kavanagh, C. J. *(concurring in part and dissenting in part)*. I concur in the majority's general discussion of the law applicable to this case but dissent from the relief granted the defendants.

There is no compelling reason to grant equitable relief in this case. Although this appears to be the first "loss before foreclosure" case in Michigan involving a dispute between a mortgagor and mortgagee, the rule announced in this case has been adopted in other jurisdictions. Moreover, in *Smith v Grange Mutual Fire Ins Co of Michigan,* 234 Mich 119, 124; 208 NW 145 (1926), it was stated that the mortgagor's right to collect insurance inured as soon as the fire occurred and that the mortgagee's interest was extinguished when the property was sold for the amount due on the mortgage. A mortgage company should be presumed to know the law applicable to its business.

The evidence does not support a finding that the parties entertained a *mutual* mistake of law. The defendant's action was unilateral; it elected to foreclose rather than collect the insurance proceeds. The plaintiffs' failure to cure the default after the fire is understandable because the mortgage provided that the mortgagee was entitled to the insurance proceeds. After foreclosure, the plaintiffs sued for the insurance proceeds. The plaintiffs' actions are consistent with their claim that they understood the applicable law. That the defendants' actions may have been based on an erroneous impression of the law should not remove this case from the general rule.

Finally, as stated in *Whitestone Savings & Loan Ass'n v Allstate Ins Co,* 28 NY2d 332, 337; 321 NYS2d 862; 270 NE2d 694 (1971), "to allow the mortgagee, after effectively cutting off or discouraging lower bidders, to take the property—and then establish that it was worth less than the bid —encourages fraud, creates uncertainty as to the mortgagor's rights, and most unfairly deprives the sale of whatever leaven comes from other bidders".

I would order that the plaintiffs be paid all the insurance proceeds.