CAPITAL MORTGAGE CORPORATION v MICHIGAN BASIC
PROPERTY INSURANCE ASSOCIATION

CITIZENS MORTGAGE CORPORATION v MICHIGAN BASIC
PROPERTY INSURANCE ASSOCIATION

Docket Nos. 53576, 54361. Submitted October 7, 1981, at Detroit.—
Decided November 17, 1981.

Plaintiff Capital Mortgage Corporation appeals from an order of
the Oakland Circuit Court, George H. LaPlata, J., granting
summary judgment to defendant, Michigan Basic Property
Insurance Association. Plaintiff Citizens Mortgage Corporation
appeals from a judgment of no cause of action rendered by the
Wayne Circuit Court, James Montante, J., in its action against
defendant, Michigan Basic Property Insurance Association. The
two cases have been consolidated on appeal. In each case, the
plaintiff was mortgagee of certain real property insured by
defendant under a policy containing a standard mortgage
clause. In each case, the mortgagors defaulted, the mortgagee
foreclosed and subsequently purchased the subject property. In
each case, the insured property was accidentally destroyed by
fire after the period of redemption had expired. Plaintiffs
sought to collect the proceeds of the insurance policies but
defendant denied liability. On appeal, the issue is whether the
acquisition of absolute title by a mortgagee upon the expiration
of the period of redemption following foreclosure of a mortgage
constitutes a change of ownership within the meaning of the
standard mortgage clause of an insurance policy such that lack
of notice of the acquisition would void the insurance policy.
*Held:*

The acquisition of absolute title by the mortgagee at the
expiration of the redemption period does not constitute a
change of ownership within the meaning of the standard mort-
gage clause such as would require the mortgagee to give notice
to the insurer under the policy. The very purpose of the clause

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 43 Am Jur 2d, Insurance §§ 769, 890, 895.

44 Am Jur 2d, Insurance § 1781.

[3] 43 Am Jur 2d, Insurance §§ 768, 769.

is to protect the mortgagee's interest as it existed at the time of the loss. The running of the period of redemption does not change the result.

Reversed.

1. INSURANCE — FIRE INSURANCE — STANDARD MORTGAGE CLAUSE — FORECLOSURE — CHANGE OF OWNERSHIP.

The acquisition of absolute title to the mortgaged property by a mortgagee at the expiration of the redemption period following foreclosure does not constitute a "change of ownership" requiring notice to an insurer under an insurance policy containing a standard mortgage clause.

2. INSURANCE — FIRE INSURANCE — STANDARD MORTGAGE CLAUSE — FORECLOSURE — ACQUISITION OF FEE TITLE.

A standard mortgage clause in a fire insurance policy creates a separate insurance contract between mortgagee and an insurer which serves to protect the mortgagee's interests in the property; acquisition of fee title to the mortgaged property by the mortgagee pursuant to a foreclosure sale and the running of the redemption period is not generally construed as a change of ownership, but, rather, as an increase of interest, the theory being that the mortgagee is not a stranger to the contract of insurance and his change from mortgagee to fee titleholder is simply a change of status.

3. INSURANCE — FIRE INSURANCE — STANDARD MORTGAGE CLAUSE — "FORECLOSURE".

The term "foreclosure" in a standard mortgage clause of a fire insurance contract can only mean foreclosure by the mortgagee because such a clause creates a separate insurance contract between a mortgagee and an insurer which serves to protect the mortgagee's interests in the property and purchase of the property by anyone else would extinguish the mortgagee's insurable interest.

*Hudnut & Ravitz, P.C.,* for Capital Mortgage Corporation.

*Miller, Canfield, Paddock & Stone* (by *Gordon A. Becker),* for Citizens Mortgage Corporation.

*Johnson, Campbell & Moesta,* for Michigan Basic Property Insurance Association.

Before: D. F. WALSH, P.J., and D. C. RILEY and CYNAR, JJ.

D. C. RILEY, J. This appeal is a consolidation of two trial court decisions in both of which the Michigan Basic Property Insurance Association was a defendant.

In docket no. 54361, plaintiff Citizens Mortgage Corporation appeals as of right from an October 15, 1980, judgment entered in defendant's favor based upon a stipulated set of facts. In docket no. 53576, plaintiff Capital Mortgage Corporation appeals as of right from an August 19, 1980, order of summary judgment granted under GCR 1963, 117.2(3), no genuine issue of material fact.

In each case, plaintiff was the mortgagee of certain real property. Defendant issued a policy of fire insurance on each piece of property, endorsing plaintiffs on the respective policies as mortgagees. Each policy contained a "standard mortgage clause" which provides as follows:

"Loss or damage, if any, under this policy shall be payable to the mortgagee (or trustee), named on the first page of this policy, as interest may appear, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall; on demand, pay the same.

"Provided also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and

the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

In each case, the mortgagors defaulted on their mortgages and plaintiffs commenced foreclosure proceedings. Foreclosure sales were held and the mortgagees purchased their respective mortgagor's properties. After the respective periods of redemption had expired, the insured premises were accidentally destroyed by fire. Plaintiffs sought to collect the proceeds of insurance but in each case the defendant denied liability on the basis of this Court's decision in *Consolidated Mortgage Corp v American Security Ins Co,* 69 Mich App 251; 244 NW2d 434 (1976). The trial court's judgments in favor of defendants also were premised on the *Consolidated* decision.

We are asked, therefore, to reconsider this issue:

"Does the acquisition of absolute title upon the expiration of the period of redemption following foreclosure of a mortgage constitute a 'change of ownership' within the meaning of the standard mortgage clause?"

The *Consolidated* majority concluded that it did. However, after careful consideration of the cases formerly considered by this Court and the courts of several other jurisdictions, we conclude, as did Judge MAHER in his dissent to the majority opinion in *Consolidated,* that the acquisition of absolute title by the mortgagee at the expiration of the redemption period does not constitute a "change of ownership" within the meaning of the standard mortgage clause.

In *Consolidated,* the majority first analyzed the decision in *Federal National Mortgage Ass'n v*

*Ohio Casualty Ins Co,* 46 Mich App 587; 208 NW2d 573 (1973), *lv den* 390 Mich 762 (1973). In that case, the Court held that a foreclosure by the mortgagee was not regarded as a "change of ownership" such as to require the mortgagee to give notice to the insurer under the policy. The basis for the holding was that the standard mortgage clause is construed by the courts as a separate contract of insurance between the mortgagee and the insurer which serves to protect the mortgagee's interests in the property. Acquisition by the mortgagee, pursuant to a foreclosure sale and the running of the redemption period, is not generally construed as a "change of ownership" but rather as an "increase of interest", the theory being that the mortgagee is not a stranger to the contract of insurance and his change from mortgagee to fee titleholder is simply a change of status.

The *Consolidated* majority, after acknowledging the *Federal National Mortgage* decision, then distinguished their case from it by finding that in the latter case the redemption period had not run, while in *Consolidated* it had. Hence, we conclude that while the *Consolidated* Court recognized its decision hinged upon the resolution of the question of whether there had been a "change of ownership", it based its decision, in part, on the fact that the redemption period had expired.

We believe that the standard mortgage clause clearly and concisely sets forth the obligations of the mortgagee and the insurer. We read the standard mortgage clause to state that the insurer will provide coverage for the mortgagee's interest in the insured property *even if* the mortgagee has acquired the fee title to the property, regardless of the period of redemption. We conclude further, as did Judge MAHER in his dissent, that the foreclo-

sure referred to in the agreement can only mean foreclosure by the mortgagee, since purchase of the property at foreclosure by anyone else would extinguish the mortgagee's insurable interest. See *Guardian Savings & Loan Ass'n v Reserve Ins Co,* 2 Ill App 3d 77, 79; 276 NE2d 109 (1971).

Instructive also is the Court's opinion in *Federal National Mortgage Ass'n v Great American Ins Co,* 157 Ind App 347; 300 NE2d 117 (1973), where it concluded, as did the Court in *Guardian,* that the provisions of the mortgage clause are clearly intended to cover the mortgagee's interest as it succeeds to ownership by foreclosure. The very purpose of the clause is to protect the mortgagee's interest as it existed at the time of loss. The running of the period of redemption should not change this result.

Reversed. Costs to appellants.