TECH LAND DEVELOPMENT, INC.; W. B. LLOYD CONSTRUCTION CO., INC. v. SOUTH CAROLINA INSURANCE COMPANY, AND THE NORTH-WESTERN BANK

No. 8122SC976

(Filed 1 June 1982)

Insurance § 119— mortgage foreclosure sale—premises damaged by fire—mortgagee as purchaser—right to fire insurance proceeds

Where mortgaged property was covered by a fire insurance policy purchased by plaintiff borrower, the policy contained a standard mortgage clause assuring defendant mortgagee of payment in the event of loss and providing that payment would not be invalidated by any foreclosure or change in the title of the property, the mortgagee was the high bidder at a foreclosure sale of the property on 18 October, the property was damaged by fire on 29 October, the ten-day upset bid period fell on a Saturday and was extended to 5:00 p.m. on 30 October, no upset bid was filed, and the property was conveyed to the mortgagee on 1 November, the purchasing mortgagee was entitled to recover the entire amount of the insurance proceeds, not just the amount of the deficiency remaining after the foreclosure, since the mortgagee's bid represented the property in an undamaged state, and the mortgagee was entitled to what remained and to the money which stood in place of the lost portion of the property which it purchased.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 5 August 1981 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 29 April 1982.

The appeal is from a judgment dismissing plaintiff's action. By virtue of a settlement agreement between plaintiffs and South Carolina Insurance Company, the parties to the present action are Tech Land Development, Incorporated (Tech Land) and The Northwestern Bank (Northwestern).

On 29 June 1977, Tech Land executed a deed of trust on real estate and a building it owned in order to secure a note owed Northwestern in the amount of $175,000.00. Pursuant to the terms of the deed of trust, Tech Land purchased a fire insurance policy from South Carolina Insurance Company. The policy provided coverage on the building in the amount of $150,000.00 and on the building's contents in the amount of $35,000.00. It contained a standard mortgagee clause which provided the following:

"Loss . . . shall be payable to the mortgagee (or trustee) as provided herein, as interest may appear, and this insurance,

as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property. . . ."

Plaintiff defaulted under the terms of the deed of trust, and Northwestern initiated foreclosure proceedings. On 18 October 1978, a foreclosure sale was held. Northwestern was the high bidder at $160,000.00. Because the termination of the ten-day upset bid period fell on a Saturday, the upset bid period was extended to 5:00 p.m., 30 October 1978.

On 29 October 1978, the building was damaged by fire. Having received no upset bids by 30 October, the trustee executed a deed conveying the property to Northwestern on 1 November. There remained a deficiency on the note of $26,253.07.

On 3 July 1979, Northwestern entered into a settlement agreement with South Carolina Insurance Company for fire damage to the building of $67,449.30. Plaintiff did not participate in the settlement. Plaintiff subsequently filed suit seeking a determination as to what portion of the insurance recovery Northwestern was entitled to receive. After hearing evidence and making findings of fact, the court entered the following pertinent conclusions of law:

. . .

"2. The deficiency owed The Northwestern Bank as a result of the Deed of Trust . . . and as a result of the foreclosure proceedings on October 18, 1978, has been satisfied and extinguished by reason of the settlement between The Northwestern Bank and South Carolina Insurance Company, and the payment made to The Northwestern Bank on August 3, 1979;

3. The Northwestern Bank, as mortgagee and as owner of the property following foreclosure, is entitled to retain the sum of Sixty-Seven Thousand Four Hundred Forty-Nine and 30/100 Dollars ($67,449.30) paid by South Carolina Insurance Company to The Northwestern Bank in settlement between

South Carolina Insurance Company and The Northwestern Bank;

4. The Plaintiff, Tech Land Development, Inc., is not entitled to recover from The Northwestern Bank any amount paid to The Northwestern Bank as a result of the settlement between The Northwestern Bank and South Carolina Insurance Company."

The court dismissed plaintiff's claim.

*Brinkley, Walser, McGirt, Miller and Smith, By G. Thompson Miller and Charles H. McGirt, for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze and Maready, by James H. Kelly, Jr., for defendant appellee.*

VAUGHN, Judge.

Plaintiff argues that the court erred in concluding Tech Land was not entitled to any of the insurance proceeds paid to Northwestern. We disagree.

Both the mortgagor and mortgagee have an insurable interest in mortgaged property. The mortgagor's interest is in the full value of the property. He has an equitable right of redemption which may be exercised from the time of default until the expiration of the ten-day upset bid period in the event of foreclosure. The mortgagee has a separate insurable interest limited to the extent of the debt which the property secures. *Insurance Co. v. Assurance Co.*, 259 N.C. 485, 131 S.E. 2d 36 (1963); 3 Couch on Insurance 2d §§ 24:70, 24:72 (2d ed. 1960).

In the present action, the mortgaged property was covered by a fire insurance policy which plaintiff purchased from South Carolina Insurance Company. The policy contained a standard mortgage clause assuring defendant mortgagee payment in the event of loss. According to the policy, payment would not be invalidated by any foreclosure or change in the title of the property.

In North Carolina, a standard mortgage clause is considered a distinct and independent contract between the insurance company and mortgagee. *Green v. Insurance Co.*, 233 N.C. 321, 64 S.E. 2d 162 (1951). The mortgagee's rights are not impaired by a sale

of the property. Neither are they extinguished when the mortgagee itself becomes the owner of the property at the foreclosure sale. *Shores v. Rabon*, 251 N.C. 790, 112 S.E. 2d 556 (1960). The word "mortgagee" in the clause is simply a shorthand description of the party whose interest is protected. It is not a limitation to the retention of an exact status. *FNMA v. Ohio Casualty Ins. Co.*, 46 Mich. App. 587, 208 N.W. 2d 573 (1973).

We, therefore, conclude that when South Carolina Insurance Company paid Northwestern $67,449.30, Northwestern was entitled under the mortgagee clause to retain at least $26,253.07, the balance owed on the note after foreclosure. The issue is whether Northwestern was entitled to insurance proceeds in excess of the deficiency.

In similar cases from other jurisdictions, courts emphasize the sequence of events. *See* 5A J. Appleman, Insurance Law and Practice § 3403 (1970 & Supp. 1981). They distinguish between foreclosure-after-loss and foreclosure-before-loss. When insured property is damaged *prior* to foreclosure, courts allow the purchasing mortgagee to retain under the mortgage clause those proceeds amounting to any deficiency after foreclosure. The mortgagor recovers the remainder of the proceeds. *See, e.g., Nationwide Mutual Fire Insurance Co. v. Wilborn*, 291 Ala. 193, 279 So. 2d 460 (1973); *Smith v. General Mortgage Corp.*, 402 Mich. 125, 261 N.W. 2d 710 (1978). The courts conclude that once the deficiency is satisfied, the mortgagee's additional recovery of proceeds representing undamaged property would amount to unjust enrichment since its bid represented the value of *damaged* property. *See, e.g., Nationwide Mutual Fire Insurance Co. v. Wilborn*, 291 Ala. at 199, 279 So. 2d at 464.

Where the damage occurs *after* approval of the foreclosure sale and before expiration of the mortgagor's right to redeem, courts have allowed the purchasing mortgagee to recover *all* the insurance proceeds should the mortgagor fail to redeem within the time period. 5A J. Appleman, Insurance Law and Practice § 3403 (1970). The courts point out that the mortgagee's bid represented the property in an undamaged state. *See, e.g., Nationwide Mutual Fire Insurance Co. v. Wilborn, supra; City of Chicago v. Maynur*, 28 Ill. App. 3d 751, 329 N.E. 2d 312 (1975). The mortgagee is thus "entitled to what remains and to the money

which stands in place of the lost portion of the property which he purchased." *Malvaney v. Yager*, 101 Mont. 331, 54 P. 2d 135, 139 (1936).

Plaintiff argues that the present situation falls in the category of foreclosure-after-loss. Although Northwestern's bid was submitted before the building was damaged by fire, the sale was not consummated until the expiration of the upset bid period — an event occurring after loss. *See Building & Loan Assn. v. Black*, 215 N.C. 400, 2 S.E. 2d 6 (1939). During this ten-day period, Northwestern was free to request a rescission of its bid because of the interim damage to the building. *See In re Sermon's Land*, 182 N.C. 123, 108 S.E. 497 (1921). Plaintiff argues that by electing not to rescind its original bid, Northwestern offered $160,000.00 as the value of the building in its current *damaged* condition. Northwestern is, therefore, entitled to only insurance proceeds covering the deficiency after foreclosure.

We disagree with plaintiff's analysis. Northwestern's decision to proceed with the sale in no way affected what its bid of $160,000.00 represented — an appraisal of the building in an *undamaged* condition. It is that basis for the purchasing mortgagee's bid which categorizes the situation as a foreclosure-before-loss case. When no upset bid was filed and plaintiff's right of redemption was not exercised, Northwestern was entitled to the property and to *all* the insurance proceeds. Contrary to plaintiff's assertions, such a result will not unjustly enrich Northwestern. The proceeds merely represent the difference between the property Northwestern received and the property upon which it based its only bid.

The dismissal of plaintiff's action is affirmed.

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.