In re Lawrence Blair KELLY, Debtor.

**FIRST NATIONAL BANK OF LAPEER, Plaintiff,**

v.

**Lawrence Blair KELLY, Defendants.**

Bankruptcy No. 81–01370.

A.P. No. 83–0223.

United States Bankruptcy Court,
E.D. Michigan, S.D.

Oct. 17, 1984.

Michael P. Higgins, Lapeer, Mich., for debtor.

Jerome Frank, Bloomfield Hills, Mich., for plaintiff.

MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

ARTHUR J. SPECTOR, Bankruptcy Judge.

The parties have cross-moved for summary judgment, asserting that the facts are uncontested and the issue is one purely of law. The Court agrees.

On April 19, 1976, First National Bank of Lapeer (the "bank") and Lawrence Blair

Kelly (the "debtor") entered into a land contract wherein the bank [1] was the vendor and the debtor was the vendee. When the debtor defaulted, the bank exercised its rights under Michigan law to forfeit the contract and to recover possession of the realty. M.C.L.A. § 600.5701, *et seq.*; M.S.A. § 27A.5701, *et seq.* A judgment of forfeiture of the land contract and for possession of the land was entered by the 67th District Court on December 4, 1981. It permitted the debtor 90 days from the date of the judgment to cure the breach which led to the judgment, after which time if the cure had not been effected, the forfeiture would stand and possession would be awarded to the bank. On December 28, 1981, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The parties entered into agreements which extended the debtor's time to cure the default, eventually through April 30, 1983. On that day, the debtor tendered possession of the premises to the bank. However, on April 23, 1983, a windstorm destroyed a barn located on the premises. the debtor's insurance company promptly paid the loss by tendering a check for $15,827.42 made out to the parties jointly. It is conceded that $827.42 of the check represented personal property and contents of the barn owned solely by the debtor. Neither party will endorse the check over to the other. This lawsuit is over who gets the proceeds of the destruction of the barn, valued at $15,000.00.

This case requires an interpretation and application of Michigan and not federal law. The Michigan Supreme Court has written two recent opinions which greatly influence the result here.

■ The bank argues that between the time of the entry of the judgment of forfeiture and the expiration of the period of cure, the debtor was no more than a "tenant holding over", and therefore had no insurable interest in the barn. This result follows from the bank's interpretation of the effect of its service upon the debtor of the statutory "notice of forfeiture". The

bank argues that the land contract was forfeited when the notice was served prior to the institution of the summary proceedings action, subject to reinstatement if and when the debtor cured the default which created the forfeiture. In *Gruskin v. Fisher*, 405 Mich. 51, 273 N.W.2d 893 (1979), the Supreme Court, in essence, rejected that interpretation. It held that the statutory "notice of forfeiture" served by the vendor upon the vendee prior to the institution of an action for summary proceedings to recover possession of the property is merely a condition precedent to the commencement of that action. It is a mere notice of the vendor's intention to forfeit and is not tantamount to forfeiture itself. Forfeiture does not actually occur, it held, until the vendee actually surrenders possession (in this case April 30, 1983), or until a writ of restitution is issued by the district court. The parties' rights to the premises are unaffected until that time. Thus, on April 23, 1983, the date of the loss, the debtor's right to the property was far greater than that of a mere tenant holding over; his right was as a land contract vendee. As such, he had an insurable interest in the barn at the time of the loss. *McCoy v. Continental Ins. Co.*, 326 Mich. 261, 40 N.W.2d 146 (1950); *Marx v. Williamsburgh City Fire Ins. Co.*, 192 Mich. 497, 158 N.W. 1052 (1916). Since the debtor purchased the insurance, which was in effect at the time of the loss, and since he had an insurable interest in the property which was damaged at the time of the loss, the debtor should receive the insurance proceeds for such loss.

■ The parties' relative rights may be closely analogized to those of mortgagors/mortgagees. *Gruskin v. Fisher, supra; cf. In re Booth*, 19 B.R. 53, 8 B.C.D. 1393, 9 C.B.C.2d 65 (Bankr.D.Utah 1982); *In re Patch Graphics*, 32 B.R. 373, 11 B.C.D. 889 (Bankr.W.D.Wis.1983). The effect of a land contract vendor's election to take possession of the property is akin to a mortgagee's bid of the full mortgage indebtedness at a foreclosure sale. In each case, the indebtedness ceases to exist.

1. Actually the bank entered into the land contract as the trustee of one Vera Smith.

M.C.L.A. § 600.5744(7); M.S.A. § 27A.5744(7); *Gruskin v. Fisher, supra; Smith v. General Mortgage Corp.*, 402 Mich. 125, 261 N.W.2d 710 (1978).

In *Smith v. General Mortgage Corp., supra,* the mortgagee held a foreclosure sale, at which it bid in the full amount of the mortgage debt shortly after the mortgaged building was destroyed by fire. The mortgagor and mortgagee each sought the insurance proceeds for the loss of the building. The Supreme Court held that when the mortgagee bid in the full balance of the mortgage at the foreclosure sale it received full payment of the debt, discharging the mortgage from the property, and therefore from the insurance proceeds for the loss of the property. By analogy, when the bank obtained possession of the premises here on April 30, 1983, full title re-vested in it and its lien on the premises ceased to exist. As a result, its lien on the proceeds of the loss of the barn likewise ceased to exist.

In *Smith,* the Court felt that "enforcement of the previously unannounced rule would confer an unearned benefit on the plaintiffs." *Id.,* 402 Mich. at 130, 261 N.W.2d 710. This was so because the property without the building was essentially worthless. The plaintiffs (mortgagors), who *legally* were entitled to the proceeds of the insurance policy for the value of the house, would have obtained a windfall if allowed to keep it, since they had already been fully compensated by the satisfaction of their debt via the foreclosure sale. Using its power to do equity, the Court disregarded the legal result and awarded the insurance proceeds to the mortgagee. In the case at bar, however, there is nothing unfair in applying this rule of law, since *Smith* was decided and officially reported three years before the operative facts of this case. Furthermore, it is agreed that the debtor made improvements to the property which, at least according to the debtor, exceeded $100,000 in value. Furthermore, the property in question is only a small part of the full value of the premises. The barn, worth $15,000, represents less than 9% of the value of the total premises prior to the improvements made by the debtor, as can be discerned from the $170,000 price

agreed to by the parties in 1976. As parties have a right to rely upon existing legal rights and remedies, courts may not lightly enlarge or diminish them through injudicious exercise of their equity powers. *United States v. Haddix & Sons, Inc.,* 415 F.2d 584 (6th Cir.1969); *Dumas v. Helm,* 15 Mich.App. 148, 166 N.W.2d 306 (1968). Furthermore, it is a general maxim of equity that when the equities of opposing parties are equal, the rule of law prevails. *See Hudson v. Village of Homer,* 351 Mich. 73, 87 N.W.2d 72 (1957). Therefore, a party requesting an equitable remedy must persuade the court that the facts of the case warrant such relief. In the instant case, the bank is the party seeking equitable relief. It has failed to allege any facts to support the intervention of equity. Accordingly, legal precedent, which prescribes that the proceeds are the property of the debtor, shall be applied.

For the reasons stated, the Court will DENY the motion of the plaintiff for summary judgment and GRANT the motion of the defendant for summary judgment. An order consistent with this opinion may be submitted.