Joseph E. DAVIS, Plaintiff,

v.

MICHIGAN BASIC PROPERTY
INSURANCE ASSOCIATION,
Defendant.

MICHIGAN BASIC PROPERTY
INSURANCE ASSOCIATION,
Third–Party Plaintiff,

v.

VETERANS' ADMINISTRATION,
Third–Party Defendant.

No. 88–CV–70818–DT.

United States District Court,
E.D. Michigan, S.D.

Dec. 6, 1988.

Michael H. Fabian, Farmington Hills, Mich., for plaintiff.

Kurt D. Meyer, Detroit, Mich., for Mich. Basic Property.

Elizabeth J. Larin, Asst. U.S. Atty., Detroit, Mich., for Veterans' Admin.

OPINION AND ORDER GRANTING THIRD–PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DUGGAN, District Judge.

This Court is asked to determine who, between a land contract vendor and vendee, is entitled to fire insurance proceeds when the fire occurs *after* a judgment for possession has been obtained by the vendor pursuant to summary forfeiture proceedings, but *before* the statutory redemption period has lapsed. State law governs the inquiry. Although no Michigan decisions precisely on point have been found, analogous authority convinces the Court that, in the present case, the vendor is entitled to proceeds equal to its insured interest in the underlying land contract.

The pertinent facts are not seriously disputed. On May 26, 1982, third-party defendant Veteran's Administration ("V.A.") sold property to plaintiff Davis on land contract. Defendant Michigan Basic Property Insurance Association ("insurer") issued a policy in the amount of $30,000 insuring the interests of Davis and the V.A. against fire loss.

When Davis became delinquent in his payments, the V.A. initiated summary forfeiture proceedings in 36th District Court and obtained a judgment on November 16, 1983. *See,* generally, M.C.L.A. § 600.5701 *et seq.* (West 1987). By operation of law, Davis had ninety days, or until February 16, 1984, to pay the delinquency thereby reinstating his interest. M.C.L.A. § 600.5744(3). During this ninety day period, the property was twice damaged by fire, resulting in total or near total loss. Davis never exercised his right to redeem.

In June, 1984, the V.A. submitted a claim to the insurer for payment in an amount equal to the land contract's principal balance, increased by advances, plus accrued interest. The claim was settled for $12,331.00, as verified by a release and indemnification agreement executed by the V.A. on August 31, 1984.

Plaintiff Davis also filed a claim with the insurer. His claim, however, was denied. The property was eventually sold by the V.A. for $170.00 on June 17, 1985.

The present action was initially instituted in Wayne County Circuit Court by Davis against the insurer for insurance proceeds. Defendant insurer, in turn, filed a third-party complaint against the V.A. relying on the indemnification agreement, referenced above, which provides in part:

> [The V.A.] agrees to hold [the insurer] harmless against any suits which should arise as a result of [the insurer's] reliance on the warrants and representations of [the V.A.], should these warrants and representations prove to be untrue.

The third-party complaint implies that the V.A. made material misrepresentations. The insurer demanded judgment for $12,331.00, the amount it paid the V.A. in settlement of the latter's claim.

As an agency of the United States, the V.A. subsequently removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1). The V.A. presently moves to dismiss the third-party complaint, believing this Court to lack subject matter jurisdiction. Alternatively, the V.A. requests summary judgment on the ground that it was lawfully entitled to the insurance proceeds received.

Because, under Michigan law, a mortgagor's proceeds may be reduced or set off by the amount an insurer has properly paid to a mortgagee, *see Gibson v. Group Ins. Co.,* 142 Mich.App. 271, 369 N.W.2d 484 (1985), plaintiff Davis challenges the V.A.'s receipt of proceeds by way of his own motion for summary judgment.

The insurer opposes *both* motions leaving it in the unorthodox position of (i) defending its payment to the V.A. to preserve a set-off if damages are later awarded to Davis, while (ii) attacking the V.A.'s conduct to secure indemnification. For the first time in this action, the insurer also seeks $3,231.00 from the V.A. as reimbursement for payments it claims were not owing under the terms of the policy, but nonetheless made.

### A.

■ Contrary to the V.A.'s argument, this Court does possess subject matter jurisdiction. It is true, as the V.A. observes, that contract actions claiming damages in excess of $10,000.00 must be brought in the Court of Claims. *See Robinson v. Block,* 608 F.Supp. 817, 819 (W.D.Mich. 1985) (citing 28 U.S.C. §§ 1346, 1491). *See also* 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3657, p. 286–287 (West 2d ed.1985). It is equally true, however, that a plaintiff may "waive all damages over $10,000 in order to bring [a] claim within [a] district court's jurisdiction." *Federal Practice and Procedure,* § 3657, p. 287. The following passage taken from *Robinson, supra,* is illustrative:

> "In his brief in opposition, plaintiff concedes the applicability of the Tucker Act and relinquishes recovery in excess of $10,000 so that his suit may remain in district court, which has jurisdiction concurrent with the Court of Claims...."

608 F.Supp. at 819. In the instant matter, the insurer effects a similar waiver. Brief in opposition at 6 ("[u]nder the terms of the Indemnity Agreement, the approximately [$3,231] overpayment to the [V.A.] should

be refunded"). Accordingly, the V.A.'s motion to dismiss is denied.

### B.

Turning to the substantive issue presented, the Court holds that the V.A. was entitled to insurance proceeds as a matter of law. Analytically, the appropriate starting point is the language of the insurance policy:

> "[T]his insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by ... any foreclosure or other proceedings ... nor by any change in the title or ownership of the property...."

Notwithstanding this clause, both the insurer and Davis maintain that the summary forfeiture proceedings extinguished the V.A.'s rights under the policy. Case law undermines their position, particularly *Fed. Nat'l Mortgage Ass'n v. Ohio Casualty Ins. Co.*, 46 Mich.App. 587, 208 N.W.2d 573 (1973).

In *Ohio Casualty*, the mortgagee purchased the subject property at a foreclosure sale. Thereafter, but *before* the statutory redemption period expired, the property was damaged by fire. Construing a clause not unlike that recited above, the Court ruled that the purchase did not impair the mortgagee's right under the insurance policy. *Id.* at 590, 208 N.W.2d 573. *See also Capital Mortgage Corp. v. Michigan Basic Property Ins. Ass'n*, 111 Mich. App. 393, 314 N.W.2d 635 (1981).

The decision in *Smith v. General Mortgage Corp.*, 402 Mich. 125, 261 N.W.2d 710 (1978), is interpreted by Davis and the insurer as dispositive. This Court disagrees. In *Smith*, the Michigan Supreme Court acknowledged the common law rule, previously adopted by other jurisdictions, which denies insurance proceeds to the mortgagee who purchases the insured property subsequent to the loss. In the final analysis, however, the Court *declined* to enforce the rule to avoid an inequitable result:

> The [mortgagors] were compensated for the fire loss when their debt was satisfied. It would be unfair to also award them the insurance proceeds when the mortgagee paid the amount of the debt for worthless property.

*Id.* at 130, 261 N.W.2d 710.

The reliance on *Smith* is misplaced. First, the underlying fire in the present action occurred *after* judgment in the forfeiture proceedings, in marked contrast to *Smith* where the loss preceded the foreclosure proceedings. Second, and relatedly, the court reaffirmed the holding in *Ohio Casualty, supra.* 402 Mich. at 127–128, 261 N.W.2d 710.

In sum, then, the V.A.'s interest as land contract vendor was covered by the policy "at least until the [vendee's] equity of redemption expire[d]." *Id.* at 128, 261 N.W.2d 710 (citation omitted). The Court concludes that the V.A. was lawfully entitled to insurance proceeds.

This holding disposes of plaintiff's motion entirely. Simply put, the insurer's defense asserting the right of set-off is valid. Because the *amount* recoverable by the V.A. under the policy is now disputed, the agency's motion is granted only in part. The Court expresses no opinion regarding the insurer's contention that the V.A. was overpaid.

Now therefore, for the reasons set forth above,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is hereby DENIED and

IT IS FURTHER ORDERED that third-party defendant's Motion to Dismiss is DENIED and

IT IS FURTHER ORDERED that third-party defendant's Motion for Summary Judgment is hereby GRANTED IN PART.