MANAUSA v. SAINT PAUL FIRE & MARINE INSURANCE COMPANY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATUTES—COMMON LAW—ARBITRATION AND AWARD.

Whether or not there was a failure to comply with State statutes relative to arbitration is not discussed on appeal from dismissal of bill to set aside award made in common-law arbitration of losses under fire insurance policies (CL 1948, §§ 645.1–645.24).

2. SAME—CHANCERY CASES—DE NOVO HEARING—WITNESSES—EVIDENCE.

Appeals in chancery cases are heard by the Supreme Court de novo on the record, but great weight is given to the findings of the trial judge who is in a better position to appraise the witnesses and their testimony.

3. ARBITRATION AND AWARD—FINDINGS OF TRIAL COURT—RECORD.

Finding of trial court that there was insufficient evidence to support insured's claims that award of arbitrators resulted from mistakes in procedure, disregard of owner's appraiser and lack of compliance with the terms of the appraisal clause of

REFERENCES FOR POINTS IN HEADNOTES
[2] 3 Am Jur, Appeal and Error § 815.
[3, 4] 29 Am Jur, Insurance § 1239 et seq.

the policies of insurance is not disturbed under record presented on appeal from dismissal of bill to set aside award.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ARBITRATION AND AWARD.

Whether or not a bill in chancery may be maintained to set aside an award of common-law arbitrators relative to loss under fire insurance policies, filed but not confirmed in another action that had been filed solely to appoint an umpire pursuant to fire insurance policy appraisal clause, is not determined, where it is determined that plaintiff owners failed to establish their bases for claiming the award invalid.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 8, 1959. (Docket No. 17, Calendar No. 47,535.) Decided July 13, 1959.

Bill by Hazen R. Manausa and Katherine V. Manausa against Saint Paul Fire & Marine Insurance Company and the British General Insurance Company, both foreign corporations, to set aside arbitration award and secure appointment of new umpire. Bill dismissed and award confirmed. Plaintiff appeals. Affirmed.

*George F. Curran* (*Robert E. Childs,* of counsel), for plaintiffs.

*Ward, Plunkett & Cooney,* for defendants.

VOELKER, J. Plaintiff-appellants, Hazen R. Manausa and Katherine V. Manausa, own a house adjacent to the Dixie highway in Oakland county, Michigan. The house was insured with the defendants, Saint Paul Fire & Marine Insurance Company and the British General Insurance Company, each insuring to the extent of $5,000. On March 21, 1952 an automobile left the highway and ran into the plaintiffs' home, causing considerable property damage. Both defendants admitted liability for the

damage under their respective policies of insurance, and sent an insurance adjuster to the house to appraise the extent of the damages and settle the claim.

The plaintiffs did not agree with the adjuster's appraisal and no settlement was reached. The plaintiffs then gave each of the defendant companies a "Notice of Proof of Loss" as provided for in the "Appraisal Clause" of each policy, that clause being:

"In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraiser shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the State in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any 2 when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally."

As provided by the quoted appraisal clause each party appointed an independent appraiser. The parties were unable to agree upon the selection of an umpire so the defendant insurance companies, pursuant to the above quoted clause, petitioned the circuit court to select and appoint such an umpire. The court granted the uncontested petition, and appointed such an umpire. This was case number C–26,426 in the Oakland county circuit court.

The umpire and the appraiser selected by the in-

surance companies made a written award stating their determination of sound value for the house was $17,000, and that the loss and damage was $2,850. That award was filed in Oakland circuit file C–26,426 and notice of it was given to the plaintiffs, which notice was received December 2, 1952.

In March, 1953, the plaintiffs instituted an action in the United States Federal district court praying that the above award be set aside and seeking damages and attorney fees. The plaintiffs continued that action in the Federal court until April 16, 1957, when it was dismissed, apparently (the Federal court order is not in the record) because that tribunal declined to interfere with an action pending in a State court.

The plaintiffs then (on June 3, 1957) started this present chancery action in the Oakland county circuit court, alleging fraud and mistake regarding the award in question, and praying that the award be set aside and that a new umpire be appointed. Issue was joined and the actions brought on for hearing. At the conclusion of plaintiffs' proofs the chancellor found that the charges in the complaint were not substantiated, and upon defendants' motion dismissed the bill of complaint and thereafter entered its decree accordingly. In addition, upon defense counsel's motion, the court affirmed the umpire's original award. From that decree plaintiffs have appealed.

Plaintiffs set out the following questions on appeal:

"May a bill in chancery be maintained to declare null and void an award filed but not confirmed in another action which latter case had been filed solely to appoint an umpire pursuant to the appraisal clause contained in fire insurance policy contracts?

"Should an award filed but not confirmed by court order within 1 year by an umpire and appraiser pur-

suant to fire insurance policy contracts' appraisal clause be set aside because of mistakes in procedure, disregard of owners' appraiser, lack of compliance with the terms of the appraisal clause of the policies and failure to comply with the requirements of the Michigan arbitration statute?"

The portion of appellants' second question dealing with the arbitration statutes (CL 1948, §§ 645.1–645.24 [Stat Ann 1943 Rev §§ 27.2483–27.2505(1)]) will not be discussed here because this case involves a common-law arbitration agreement. (See, generally, 8 Callaghan's Michigan Pleading and Practice, § 61.02.)

The remaining portions of the plaintiffs' second question in essence seek a review of the chancellor's findings below. As we have had many occasions to state in the past, while we hear chancery appeals *de novo* on the record, great weight must be given to the findings of the chancellor who is in a better position to appraise the witnesses and their testimony. See, generally, 8 Callaghan's Michigan Pleading and Practice, §§ 57.95, 57.96 and cases cited therein. In this case the chancellor did not find sufficient evidence of (to quote from appellants' second question) "mistakes in procedure, disregard of owners' appraiser," or "lack of compliance with the terms of the appraisal clause of the policies" to upset the award. We are not persuaded that the chancellor erred in these findings of fact.

Having thus decided the second question appellants' first question need not be discussed.

The decree is affirmed, with costs to appellee.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Kavanagh, JJ., concurred.