HERITAGE FEDERAL SAVINGS BANK v THE CINCINNATI
INSURANCE COMPANY

Docket No. 107959. Submitted April 18, 1989, at Lansing. Decided
July 31, 1989.

Howard and Fay Durocher purchased a home with money bor-
rowed from Family Federal Savings and Loan Association,
predecessor of Heritage Federal Savings Bank, giving a mort-
gage on the purchased premises as security for the loan. The
Durochers purchased a homeowner's insurance policy, as re-
quired by the mortgage agreement, from The Cincinnati Insur-
ance Company. The mortgaged property was thereafter exten-
sively damaged by fire. When the insurer denied the Durochers'
claim of loss on the basis that the fire was deliberately started,
the Durochers sued the insurer. That suit was ultimately
settled, with the insurer paying the Durochers $10,000 to
reimburse the Durochers for personal property lost in the fire
and the Durochers giving a release for all other claims under
the insurance policy. In the meantime, the Durochers defaulted
on the loan and mortgage, leaving an outstanding balance on
the loan of $14,161.13. Heritage Federal filed with the insurer a
proof of loss and a claim for benefits under the mortgage-loss-
payable clause of the insurance policy and commenced foreclo-
sure proceedings. Heritage Federal purchased the subject prem-
ises at the foreclosure sale for $18,000. Upon learning of the
foreclosure sale, the insurer denied Heritage Federal's claim for
insurance benefits. Heritage Federal brought an action in Sagi-
naw Circuit Court against the insurer and the Durochers,
claiming that the insurer had breached the insurance contract.
The insurer defended on the basis that the purchase at the
foreclosure sale by the plaintiff extinguished plaintiff's right to
claim the insurance benefits. Plaintiff moved for summary
disposition or, in the alternative, to set aside the foreclosure
sale. The trial court, Leopold P. Borrello, J., granted the motion
for summary disposition and also ordered plaintiff to convey to

REFERENCES

Am Jur 2d, Mortgages §§ 275, 276.
See the Index to Annotations under Mortgages.

the Durochers plaintiff's right, title and interest in the subject property. Defendant insurer appealed.

The Court of Appeals *held:*

1. Plaintiff's purchase of the subject property at the foreclosure sale extinguished its right to insurance benefits under the mortgage-loss-payable clause of the insurance policy.

2. The mortgage agreement provided that the Durochers, to the extent of the outstanding balance of the mortgage loan, would assign to plaintiff any of the insurance proceeds to which they were entitled. However, it is unclear on the record whether plaintiff is entitled to any insurance proceeds under that assignment in view of the release by the Durochers.

3. The trial court erred in granting summary disposition. Further development of the record is necessary to determine what action would be appropriate.

Reversed and remanded.

INSURANCE — FIRE INSURANCE — MORTGAGE-LOSS-PAYABLE CLAUSE — FORECLOSURE — ASSIGNMENTS — DEFENSES.

The purchase by the mortgagee at a mortgage sale of a fire-damaged mortgaged premises for a price greater than the outstanding mortgage debt extinguishes the right of the mortgagee to proceeds under the standard mortgage-loss-payable clause of a fire insurance policy; the purchase at the foreclosure sale does not extinguish the mortgagee's right to seek the insurance proceeds where the mortgage provides that the mortgagor's right to insurance proceeds will be assigned to the mortgagee to the extent of the mortgagee's interest, however, the mortgagee's right to proceeds under such assignment is subject to any valid defense which might be raised with respect to a claim by the mortgagor.

*Joselyn & Keelean, P.C.* (by *Neil A. Gudsen*), for plaintiff.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *Stephen E. Handelman* and *Dana L. Ramsay*), for The Cincinnati Insurance Company.

Before: SULLIVAN, P.J., and SAWYER and MARILYN KELLY, JJ.

PER CURIAM. In this breach of an insurance

contract case, defendant Cincinnati Insurance Company appeals as of right from the order granting summary disposition in favor of plaintiff Heritage Federal Savings Bank under subsections (9) and (10) of MCR 2.116(C). We reverse and remand for further proceedings.

This case arises out of the purchase of real property by Howard and Fay Durocher, the mortgagors, which was financed by plaintiff's predecessor, Family Federal Savings and Loan Association, the mortgagee. The savings and loan association loaned the Durochers $14,000 and, in turn, as security for the debt, the Durochers mortgaged the property to the association. The Durochers then purchased a homeowner's insurance policy, as was required by the mortgage agreement, from The Cincinnati Insurance Company. The policy contained a standard mortgage clause. Shortly thereafter, the mortgaged property was extensively damaged by fire. In fact, because the property was situated on a flood plain, building restrictions prohibited restoring the damaged property.

The Durochers filed a claim of loss for benefits under the homeowner's insurance policy issued by defendant insurer. However, a subsequent investigation by defendant insurer led it to conclude that the fire had been deliberately started and, thus, defendant insurer denied the Durochers' claim. As a result of that denial, the Durochers sued defendant insurer for breach of the insurance contract. The parties, though, settled that action: defendant insurer paid the Durochers $10,000 to reimburse the Durochers for personal property lost in the fire in exchange for the Durochers' release of all other claims under the insurance policy and for indemnification.

In the meantime, the Durochers defaulted on the loan and mortgage now held by plaintiff. The

outstanding balance of the loan was $14,161.13. Plaintiff, as the mortgagee, filed a proof of loss and claim for benefits with defendant insurer under the mortgage-loss-payable clause of the insurance policy and, also, began mortgage foreclosure proceedings. At a subsequent sheriff's sale, plaintiff purchased the mortgaged property for over $18,000, an amount in excess of the mortgage balance. Upon learning that plaintiff had started the foreclosure proceedings, defendant insurer denied plaintiff's claim for insurance benefits.

Therefore, plaintiff filed the present action against defendant insurer and the Durochers, claiming that defendant insurer breached the insurance contract. Defendant insurer affirmatively defended that, by purchasing the property at the sheriff's sale, plaintiff extinguished the debt and, thus, that plaintiff could not claim insurance benefits as the mortgagee. Plaintiff thereafter filed a motion for summary disposition or, in the alternative, to set aside the foreclosure sale. Plaintiff argued that, notwithstanding the foreclosure proceedings, defendant insurer was contractually obligated to pay plaintiff's claim and that, if the court determined that plaintiff's purchase of the property at the foreclosure sale extinguished defendant insurer's obligation under the insurance policy to pay plaintiff's claim, the court should set aside the foreclosure sale to prevent unjust enrichment to defendant insurer. The court ruled that plaintiff's purchase of the property did not excuse defendant insurer from paying plaintiff mortgagee proceeds and, also, ordered plaintiff to convey to the Durochers plaintiff's right, title and interest in and to the property covered by the mortgage.

Where, as here, the insurance policy contains the standard mortgage-loss-payable clause, there are two separate contracts governing to whom the

proceeds of the insurance policy are to be distributed and for what purposes. *Gibson v Group Ins Co of Michigan,* 142 Mich App 271, 278; 369 NW2d 484 (1985), lv den 424 Mich 851 (1985); *Better Valu Homes, Inc v Preferred Mutual Ins Co,* 60 Mich App 315, 319; 230 NW2d 412 (1975). See also, e.g., *United States v Lititz Mutual Ins Co,* 694 F Supp 159, 160 (MD NC, 1988). The standard mortgage-loss-payable clause gives the proceeds to the mortgagee to the extent that they equal or are less than the mortgage indebtedness of the property. On the other hand, the mortgagor's interest in the proceeds is for the damages actually done to the insured building. *Better Valu Homes, supra,* p 319.

Here, the issue is whether plaintiff mortgagee is entitled to insurance proceeds, as the mortgagee, to the extent of the indebtedness, $14,161.13, where plaintiff purchased the property at a foreclosure sale following the fire for an amount greater than the outstanding mortgage debt. We conclude plaintiff is not so entitled.

In *Smith v General Mortgage Corp,* 402 Mich 125, 128-129; 261 NW2d 710 (1978), our Supreme Court, under similar circumstances, determined that, as between the mortgagee and mortgagor, the mortgagee is not entitled to the insurance proceeds:

> Here, the loss occurred *before* the mortgage sale. Although the mortgagee was entitled to the insurance proceeds to reduce the debt or repair the property, it instead purchased the property at the foreclosure sale. After a review of cases from other jurisdictions, the Court of Appeals concluded that mortgagees in the defendants' position were not entitled to the insurance proceeds but declined to apply the rule to this case. 73 Mich App 720; 252 NW2d 551 (1977).
>
> We agree that when the loss occurs before a

foreclosure sale in which the mortgagee purchases the property for a bid which extinguishes the mortgage debt, the mortgagee is not entitled to the insurance proceeds. *Whitestone Savings & Loan Ass'n v Allstate Ins Co,* 28 NY2d 332, 336-337; 321 NYS2d 862; 270 NE2d 694 (1971).

"The theory of recovery by a mortgagee is indemnity. The risk insured against is an impairment of the mortgaged property which adversely affects the mortgagee's ability to resort to the property as a source for repayment. Where the debt has been satisfied in full subsequent to the fire, neither reason nor precedent suggest [sic] recovery on the policy by the mortgagee.

\* \* \*

"The rule is not harsh and it is eminently practical. None disputes that the mortgagee is entitled to recover only his debt. Any surplus value belongs to others, namely, the mortgagor or subsequent lienors. Indeed, it is not conceivable that the mortgagee could recover a deficiency judgment against the mortgagor if it had bid in the full amount of the debt at foreclosure sale. *To allow the mortgagee, after effectively cutting off or discouraging lower bidders, to take the property— and then establish that it was worth less than the bid—encourages fraud, creates uncertainty as to the mortgagor's rights, and most unfairly deprives the sale of whatever leaven comes from other bidders.*"

See, also, *Northwestern National Ins Co v Mildenberger,* 359 SW2d 380 (Mo App, 1962). The rights of the parties under the insurance policy were fixed at the time of the fire, *Pink v Smith,* 281 Mich 107; 274 NW 727 (1937), and the mortgagee's right to the proceeds terminated when the mortgage debt was satisfied. [Emphasis in original.]

Although the rule in *Smith* regarding "loss before foreclosure" was announced in the context of a mortgagee-mortgagor dispute, we conclude that it also applies to this case to extinguish the right

of plaintiff to recover insurance benefits under the mortgage-loss-payable clause of the insurance policy. The rule is intended to prevent a mortgagee, as a creditor, from receiving a double payment. *Calvert Fire Ins Co v Environs Development Corp,* 601 F2d 851, 856 (CA 5, 1979); *United States v Lititz Mutual Ins Co, supra,* p 161. When plaintiff foreclosed on the property and purchased it for a price in excess of the amount of the indebtedness, the debt was satisfied and the mortgagee's right to the proceeds terminated.

However, plaintiff contends that under the following clause of the mortgage, it is entitled to the Durochers' right to the insurance proceeds:

> If under paragraph 19 the Property is acquired by Lender, *Borrower's right to any insurance* policies and *proceeds* resulting from damage to the Property prior to the acquisition *shall pass to Lender* to the extent of the sums secured by this Security instrument immediately prior to the acquisition. [Emphasis added.]

Moreover, after reviewing the trial court's written opinion, we reluctantly conclude that the trial court awarded plaintiff the unpaid balance of the mortgage, $14,161.13, because of the above-cited mortgage clause.

Although plaintiff and the trial court are correct that, under that mortgage clause, the mortgagors' right to proceeds passed to plaintiff on transfer of title, we are unable to determine whether plaintiff can look to defendant for the proceeds under the facts of this case. Cf. *Smith, supra,* p 129. Under the subject mortgage clause, plaintiff's entitlement to the mortgagors' right to proceeds when plaintiff acquired the mortgaged property is that as an assignee, not as a mortgagee. See, e.g., *United*

*States v Lititz Mutual Ins Co, supra,* p 161. Defendant's investigation revealed that the fire had been deliberately started. Eventually, though, defendant paid the Durochers $10,000 to reimburse them for personal property lost in the fire and, in turn, the Durochers released defendant from all other claims under the insurance policy and for indemnification. But, we are unable to conclude on the record before us whether the Durochers had any right to the proceeds. We do not express an opinion as to either plaintiff's right, if it has one, to the $10,000 defendant paid to the Durochers or the Durochers' right, in general, to proceeds under the insurance policy.

Finally, the trial court ordered that plaintiff convey to the Durochers all plaintiff's right, title and interest in and to the subject property. However, we do not know why the court ordered the conveyance. Because of our resolution of the first issue in this case, we also set aside the conveyance.

Our ruling in this case is limited. We merely hold that the trial court erred by granting summary disposition in favor of plaintiff. The effect of the *Smith* ruling precludes plaintiff from receiving benefits as a mortgagee. Moreover, in order for plaintiff to receive benefits as an assignee, the Durochers must have had a right to insurance proceeds. Such a determination is impossible on the limited record before us. Finally, the trial court did not expressly determine whether the foreclosure sale could be set aside. We remand this case for further proceedings as might be appropriate. We do not retain jurisdiction.