EMMONS v LAKE STATES INSURANCE COMPANY

Docket No. 125869. Submitted December 4, 1991, at Detroit. Decided
   April 6, 1992, at 9:50 A.M.

   Peggy A. Emmons brought an action in the St. Clair Circuit
   Court against Lake States Insurance Company and Capac State
   Savings Bank, seeking determinations regarding the loss sus-
   tained when her home, insured by Lake States, was damaged
   by fire and that the mortgagee of the property, Capac State,
   had no claim to the insurance proceeds because it had fore-
   closed on the property after the fire, bid the full amount of the
   outstanding principal and interest, received a sheriff's deed,
   and sold the property once the period of redemption had
   expired. The court, James T. Corden, J., by consent order,
   appointed an umpire. Following denial of the plaintiff's motion
   to remove the umpire and entry of an appraisal award, the
   plaintiff moved to set aside the award and for summary disposi-
   tion of her claim that the bank had no claim to the insurance
   proceeds. The bank filed a cross-motion, relying on an assign-
   ment clause in the mortgage for its entitlement to the proceeds.
   The court affirmed the award and granted summary disposition
   for the bank. The plaintiff appealed.

      The Court of Appeals *held:*

      1. The court erred in granting summary disposition for the
   bank. The bank's interest in the insurance proceeds vested at
   the time of the fire but expired upon satisfaction of the debt at
   the foreclosure sale. Although the assignment survived foreclo-
   sure, the debt did not. The assignment, therefore, secured
   nothing because there was no deficiency after the foreclosure
   sale, and, if there was no deficiency, there could be no valid
   claim against any additional collateral. The insurance was an
   alternative source of payment for the bank. Once the debt was

REFERENCES

Am Jur 2d, Arbitration and Award §§ 167 *et seq.;* Insurance §§ 960-
   961, 1046, 1166, 1172-1176, 1519, 1680, 1692; Mortgages §§ 274 *et
   seq.,* 394 *et seq.,* 658, 793.

Right of mortgagee, who acquires title to mortgaged premises in
   satisfaction of mortgage, to recover, under fire insurance policy
   covering him as "mortgagee," for loss or injury to property
   thereafter damaged or destroyed by fire. 19 ALR4th 778.

paid by other means, any right to the insurance proceeds was extinguished, requiring reversal of the summary disposition for the bank and remand for entry of judgment for the plaintiff.

2. The trial court properly refused to remove the umpire or to set aside the appraisal award. The plaintiff did not meet her burden of proving bad faith, fraud, misconduct, or manifest mistake.

Affirmed in part, reversed in part, and remanded.

1. MORTGAGES — FORECLOSURE SALES — SATISFACTION OF DEBT.

A mortgage debt is satisfied where the property is purchased at a foreclosure sale for an amount equal to the amount due on the mortgage.

2. MORTGAGES — FORECLOSURE SALES — COLLATERAL SECURITY — INSURANCE — SATISFACTION OF DEBT.

A mortgagee generally is not entitled to insurance proceeds for a loss to mortgaged property insured by the mortgagor where the loss occurs before a foreclosure sale at which the mortgagee purchases the property for an amount that extinguishes the mortgage debt; because an assignment in the mortgage of the mortgagor's insurance proceeds as collateral security for the mortgage debt survives such a foreclosure, but the debt does not, the mortgagee's right to the insurance proceeds is extinguished where the debt is fully paid at the foreclosure sale.

3. INSURANCE — APPRAISALS — ARBITRATION.

The appraisal process used to settle a dispute concerning a homeowner's insurance claim arises out of a common-law arbitration agreement and substitutes for a judicial determination of the dispute; judicial review of the appraisal process is limited to instances of bad faith, fraud, misconduct, or manifest mistake (MCL 500.2832; MSA 24.12832).

*Bacalis & Associates, P.C.* (by *Jesse R. Bacalis*), for the plaintiff.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *Charles R. Tuffley* and *Ann Merry*), for Lake States Insurance Company.

*Nicholson, Fletcher, West & DeGrow, P.C.* (by *Michael L. West*), for Capac State Savings Bank.

Before: SAWYER, P.J., and GILLIS and MARILYN KELLY, JJ.

Marilyn Kelly, J. This case arose after plaintiff's home was partially destroyed by fire. Defendant Lake States Insurance Company insured the property. After the fire, the mortgagee, defendant Capac State Savings Bank, foreclosed on the property. Plaintiff appeals from orders of the St. Clair Circuit Court which upheld the appraisal award and granted summary disposition to Capac Bank. She argues on appeal that Capac Bank was not entitled to the insurance proceeds, since the assignment clause in the mortgage did not survive foreclosure. She argues also that the trial court erred in failing to set aside the umpire-appraiser's award based on bias. We reverse in part and affirm in part.

Plaintiff and Lake States were unable to agree on the value of the loss or on an umpire for the appraisal. Plaintiff moved the court for appointment of an umpire-appraiser pursuant to MCL 500.2832; MSA 24.12832. By consent order, the court appointed Robert Van Hoesen. Plaintiff filed a petition to remove Van Hoesen after discovering that he had worked for insurance companies for the previous thirty years.. She believed he would be unable to remain impartial. The court denied the motion finding no showing of prejudice. Van Hoesen and Lake State's appraiser agreed to an insurance award of $71,800.38 for the replacement cost of the building and its contents. Plaintiff's appraiser did not agree with the award, finding it too low.

Plaintiff filed a motion to set aside the appraisal award. She alleged that Van Hoesen exceeded the scope of his authority. She alleged also irregularities in the appraisal process, including Van Hoesen's refusal to allow a record to be made of the appraisal meeting. The judge denied the motion,

stating that it was not his function to inquire into the factual basis for the award.

The fire occurred on May 4, 1988. On November 14, 1988, the note being in default, Capac Bank served a notice of default on plaintiff. In due time, it foreclosed on the property. It bid the full amount of the outstanding principal and accrued interest, $71,707.95, and received a sheriff's deed to the property. Once the period of redemption had expired, Capac Bank sold the property.

Plaintiff filed a motion for summary disposition claiming that the bank had no claim to the insurance proceeds. The bank filed a cross-motion relying for its entitlement to the proceeds on an assignment clause in the mortgage. The trial judge granted the bank's motion for summary disposition.

I

Initially, plaintiff argues that the judge erred in granting summary disposition, since the bank lost its claim on the insurance proceeds once it foreclosed on the mortgage. We agree and reverse.

When property is purchased at a foreclosure sale for an amount equal to the amount due on the mortgage, the debt is satisfied. *Bank of Three Oaks v Lakefront Properties,* 178 Mich App 551, 555; 444 NW2d 217 (1989). Generally, a mortgagee is not entitled to insurance proceeds when a loss occurs before a foreclosure sale in which the mortgagee purchases for a bid which extinguishes the mortgage debt. *Smith v General Mortgage Corp,* 402 Mich 125, 128; 261 NW2d 710 (1978); *Heritage Federal Savings Bank v Cincinnati Ins Co,* 180 Mich App 720, 725-726; 448 NW2d 39 (1989). Capac Bank argues that *Smith* is not controlling, since in this case, the mortgagor made a valid

assignment of the insurance proceeds. The bank is claiming the proceeds as an assignee, not as a mortgagee.

The assignment clause was written into the mortgage. It states:

> If under paragraph 19 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

This clause created an equitable assignment of a future right. In equity, a present assignment of money having a potential existence but not yet due will operate on the fund as soon as it is acquired. 6 Am Jur 2d, Assignments, § 16, p 201. Here, the bank's interest in the insurance proceeds vested at the time of the fire but expired upon satisfaction of the debt at the foreclosure sale.

The assignment was collateral security for the mortgage debt. An assignment made as collateral security for a debt gives the assignee only a qualified interest in the assigned chose, commensurate with the debt or liability secured. This is true even though the assignment is absolute on its face. 6A CJS, Assignments, § 82, pp 730-733. After the debt secured has been paid, the right to hold the assigned collateral ceases, and the assignee has no interest in the collateral. *Id.*

We find that, although the assignment survived foreclosure, the debt did not. The assignment, therefore, secured nothing. Since the purchase price at the foreclosure sale was equal to the full amount of the debt, there was no deficiency. *Bank of Three Oaks, supra,* pp 555, 561. If there is no

deficiency, there can be no valid claim against any additional collateral. *Id.*; *Chabut v Chabut,* 66 Mich App 440, 455; 239 NW2d 401 (1976). The insurance was an alternative source of payment. Once the debt was paid by other means, any right to the insurance proceeds was extinguished. *Calvert Fire Ins Co v Environs Development Corp,* 601 F2d 851, 856 (CA 5, 1979).

We find the cases cited by defendant distinguishable. *Heritage Federal, supra; United States v Lititz Mutual Ins Co,* 694 F Supp 159 (MD NC, 1988). The assignment clause in *Heritage* contained the exact language as the assignment clause in this case. However, in *Heritage,* we specifically declined to decide the question at issue in the instant case: whether the mortgagee was entitled to insurance proceeds under the assignment clause. In *Heritage,* the mortgagor was not entitled to the proceeds, because the fire had been deliberately set. *Heritage,* p 727. We decline to follow any dicta in *Heritage* which may be contrary to this opinion.

In *Lititz,* the mortgagors assigned their rights to insurance proceeds after the fire occurred. The assignment was a present transfer of a vested right. It transferred the insureds' interest absolutely, independent of the debt. There was no present transfer in this case.

Whether defendant Capac Bank realized the full amount of the debt on resale after foreclosure is of no relevance. The bank purchased the property for the full amount of the indebtedness. Since the debt was satisfied, any right in the bank to the insurance proceeds was extinguished. Therefore, we find that the judge erred in granting summary disposition for Capac Bank. We reverse and remand on this issue for judgment in favor of plaintiff.

II

Next, plaintiff argues that the trial judge erred in refusing to set aside the appraisal award and in refusing to remove the umpire-appraiser. We disagree.

An appraisal process used to settle a homeowner's insurance claim is a substitute for a judicial determination of a dispute concerning the amount of the loss. *Auto-Owners Ins Co v Kwaiser,* 190 Mich App 482, 486; 476 NW2d 467 (1991). The appraisal process is a common law arbitration agreement rather than a statutorily mandated arbitration. Therefore, it is not subject to as strict a standard of review. *Id.* Judicial review is limited to instances of bad faith, fraud, misconduct or manifest mistake. *Id.; Port Huron & N R Co v Callanan,* 61 Mich 22, 26; 34 NW 678 (1887). The party attacking the impartiality of the appraiser has the burden of proof. See *Wicking v Citizens' Mutual Fire Ins Co,* 118 Mich 640; 77 NW 275 (1898).

Plaintiff objects to the umpire-appraiser's lack of impartiality in this case due to his longstanding business ties to the insurance industry. However, plaintiff has failed to show that either the umpire or the proceedings were tainted by partiality. Therefore, we find that plaintiff has not met her burden of proof. See *Wicking, supra.*

Plaintiff also argues that the appraisal proceedings were grossly unfair due to the following instances of misconduct:

(a) the umpire informed plaintiff's appraiser that, if plaintiff's attorney appeared at the appraisal meeting, plaintiff's appraiser should not bother to come;

(b) Lake State's appraiser submitted documents

to the umpire without furnishing the same to plaintiff's appraiser;

(c) the umpire wrote down his own private estimate of loss without identifying the disputed items between the appraisers;

(d) the umpire refused to allow a court reporter to make a record of the proceedings.

We find that none of the alleged instances of misconduct, either individually or cumulatively, constituted gross unfairness. See *DAIIE v Gavin,* 416 Mich 407, 441; 331 NW2d 418 (1982). Since plaintiff's attorney attended the appraisal meeting, and it proceeded as scheduled, no error resulted from the first alleged misconduct. As to the second, plaintiff failed to offer evidence to substantiate this claim. With respect to the third, we find nothing in the statutory arbitration provision requiring the umpire to identify the disputed areas in writing. MCL 500.2832; MSA 24.12832. Finally, as to the fourth allegation, plaintiff has failed to offer any authority suggesting that a court reporter must be present at an appraisal meeting.

Based on the record before us, we do not find that the trial court erred in refusing to set aside the appraisal award or in refusing to remove the umpire.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.