FRANS v HARLEYSVILLE LAKE STATES INSURANCE COMPANY
(ON RECONSIDERATION)

Docket No. 255091. Submitted December 13, 2005, at Detroit. Decided
   March 7, 2006, at 9:05 a.m.

   Harry R. Frans brought an action in the Schoolcraft Circuit Court
   against Harleysville Lake States Insurance Company, seeking
   recovery under his fire insurance policy after a fire damaged his
   business. Before the lawsuit, the defendant had demanded a
   binding appraisal pursuant to a provision in the policy. The
   plaintiff, viewing the appraisal provision as a common-law arbi-
   tration clause, had refused and had unilaterally revoked the
   provision. The court, Charles H. Stark, J., denied the defendant's
   motion for an appraisal. The defendant appealed by leave granted.
   The Court of Appeals, SAWYER and METER, JJ. (MURPHY, P.J.,
   dissenting), affirmed in an unpublished opinion per curiam, issued
   January 12, 2006. The Court of Appeals subsequently granted the
   defendant's motion for reconsideration and vacated its prior
   opinion.

      On reconsideration, the Court of Appeals held:

      The trial court erred by denying the defendant's motion for an
   appraisal. The appraisal provision in the fire insurance policy was
   required by MCL 500.2833(1)(m), which provides that either party
   may demand an appraisal of the loss and sets forth the procedure
   for a binding determination. Case law has generally considered
   such appraisal clauses as common-law arbitration agreements that
   either party may revoke unilaterally before an award, regardless of
   which party initiated the arbitration. Because this common-law
   principle conflicts with the statute, however, the statute controls.
   The statute requires a fire insurance policy to include an appraisal
   clause and dictates an appraisal on the demand of only one party,
   in this case the defendant.

      Reversed and remanded for entry of an order directing ap-
   praisal proceedings.

      METER, J., concurring, agreed with the majority's disposition in
   light of Jacobs v Schmidt, 231 Mich 200 (1925), a case that

involved a very similar appraisal clause and concluded that unilateral revocation was not allowed given the difference between arbitration and an appraisal.

INSURANCE — FIRE — APPRAISALS — ARBITRATION.

The Insurance Code requires that all fire insurance policies contain a provision that permits one party to the policy to demand binding appraisal of a loss; this statutory requirement does not create a common-law arbitration agreement in the policy and is not subject to unilateral revocation (MCL 500.2833[1][m]).

*Petrucelli & Petrucelli, P.C.* (by *Vincent R. Petrucelli*), for the plaintiff.

*Braun Kendrick Finkbeiner P.L.C.* (by *William J. Ewald* and *Scott C. Strattard*) for the defendant.

ON RECONSIDERATION

Before: MURPHY, P.J., and SAWYER and METER, JJ.

MURPHY, P.J. Defendant appealed by leave granted the trial court's order denying its motion for an appraisal in this action involving plaintiff's claim for insurance proceeds following a fire that damaged plaintiff's business property, which was covered by a fire insurance policy issued by defendant. Defendant had made a written demand for a binding appraisal regarding the loss pursuant to a provision in the insurance policy after the parties were unable to agree on the amount of the loss, but plaintiff viewed the policy provision as a common-law arbitration clause subject to unilateral revocation and exercised the alleged right to revoke, refusing to participate in an appraisal. The trial court agreed with plaintiff and denied defendant's motion for an appraisal. We affirmed the trial court's ruling in *Frans v Harleysville Lake States Ins Co*, unpublished opinion per curiam of the Court of Appeals (SAWYER and METER, JJ.), issued January 12, 2006 (Docket No.

255091) (MURPHY, P.J., dissenting). On defendant's motion for reconsideration, we vacate our previous opinion and now conclude that the trial court erred in its ruling. Because MCL 500.2833(1)(m) mandates inclusion of the appraisal provision contained in the fire insurance policy at issue, and because the statutory language of MCL 500.2833(1)(m) specifically directs that "either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal," the common-law principle of unilateral revocation must succumb to the overriding legislative authority, as found in MCL 500.2833(1)(m), where the common-law principle is in conflict with the statute, which dictates that the appraisal process shall proceed on the demand of *one* party. Accordingly, we reverse.

Questions of law are reviewed de novo on appeal. *Westchester Fire Ins Co v Safeco Ins Co*, 203 Mich App 663, 667; 513 NW2d 212 (1994). The Insurance Code, specifically MCL 500.2833(1)(m), provides that Michigan fire insurance policies must contain the following provision:

> That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. If the 2 appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court for the county in which the loss occurred or in which the property is located to select an umpire. The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be

the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by the insured and the insurer.

As required by the statute, the fire insurance policy in this case contained the language regarding the appraisal process. It reads:

D. PROPERTY LOSS CONDITIONS

* * *

2. Appraisal

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that the selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we still retain our right to deny the claim.[1]

---

[1] To the extent that this last sentence can be read as providing defendant insurer the right to unilaterally reject the appraisal process or reject the amount determined by an appraisal, such an interpretation cannot withstand scrutiny because it is contrary to MCL 500.2833(1)(m). We view this language as merely indicating that defendant insurer need not pay a claim in the amount determined in the appraisal process on grounds other than simply a disagreement with the dollar figure arrived at in the appraisal, e.g., discovery that a homeowner committed arson. Bad faith, fraud, misconduct, or manifest mistake can also provide

Michigan case law indicates, for the most part, that appraisal clauses such as the one before us today constitute common-law arbitration agreements. *Manausa v St Paul Fire & Marine Ins Co*, 356 Mich 629, 633; 97 NW2d 708 (1959); *Emmons v Lake States Ins Co*, 193 Mich App 460, 466; 484 NW2d 712 (1992); *Auto-Owners Ins Co v Kwaiser*, 190 Mich App 482, 486; 476 NW2d 467 (1991); *Davis v Nat'l American Ins Co*, 78 Mich App 225, 232; 259 NW2d 433 (1977); but see *Jacobs v Schmidt*, 231 Mich 200, 203-204; 203 NW 845 (1925) (distinguishing common-law arbitration from appraisal agreements). We note that *Emmons, Kwaiser,* and *Davis* all discussed appraisals and common-law arbitration mainly in the context of an analysis relative to the appropriate standard of review applicable to common-law arbitration as opposed to statutory arbitration. The discussion of common-law arbitration in *Manausa* was cursory, with the Court simply noting that the arbitration statutes were not relevant when addressing an appraisal provision because the provision involved common-law arbitration. Thus, these cases narrowly addressed application of common-law arbitration principles to disputes about appraisal provisions, and, importantly, they did not involve issues regarding whether such principles control when there is statutory language to the contrary.

Pursuant to common-law arbitration principles, either party may unilaterally revoke the agreement at any time before the announcement of the award, regardless of which party initiated the arbitration. *Hetrick v David A Friedman, DPM, PC,* 237 Mich App 264, 268-269; 602 NW2d 603 (1999); *Tony Andreski, Inc v Ski Brule, Inc,* 190 Mich App 343, 347-348; 475 NW2d

---

grounds to reject the appraisal and deny the claim. *Emmons v Lake States Ins Co,* 193 Mich App 460, 466; 484 NW2d 712 (1992).

469 (1991). However, neither *Hetrick* nor *Andreski* involved appraisal clauses or arbitration agreements that were mandated by statute, much less a clause or agreement that required the appraisal process to be carried out on the demand of one party.[2]

"[W]hen common-law principles and clear statutory language conflict, the statute controls." *People v Hock Shop, Inc*, 261 Mich App 521, 532; 681 NW2d 669 (2004). Here, allowing one party to unilaterally revoke the appraisal clause and terminate the appraisal process would run contrary to the parties' specific agreement as reflected in the insurance policy,[3] and it would directly conflict with MCL 500.2833(1)(m), which requires the policy to include an appraisal clause that provides for an appraisal process to be conducted on the demand of one party only. If one party is permitted to reject and forgo the appraisal process despite a demand to invoke the process by the other party, the language of MCL 500.2833(1)(m) would be rendered nugatory and mere surplusage; this is not permissible. *Bageris v Brandon Twp*, 264 Mich App 156, 162; 691 NW2d 459 (2004).[4]

Reversed and remanded for entry of an order directing the parties to commence appraisal proceedings consistent with the parties' agreement. We do not retain jurisdiction.

---

[2] We agree with the *Hetrick* panel's assessment, stated in dicta, that common-law arbitration agreements should be enforced on the same terms as any other contract, thereby consigning "the unilateral revocation rule to legal history's dustbin." *Hetrick, supra* at 277.

[3] Our Supreme Court recently reiterated that "[a] fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be *enforced as written*." *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005) (emphasis in original).

[4] We note that our Supreme Court is currently in the process of deciding a case in which one of the issues presented is "whether common-law arbitration agreements should be unilaterally revocable." *Wold Architects & Engineers, Inc v Strat*, 472 Mich 908 (2005).

SAWYER, J., concurred.

METER, J. (*concurring*). I agree with the majority's disposition on reconsideration. I note that this case involves a close question. However, *Jacobs v Schmidt*, 231 Mich 200; 203 NW 845 (1925), which was not discussed by the parties in their original briefs or arguments but was relied on by defendant in its motion for reconsideration, tips the balance in favor of our disposition today. The appraisal clause in the *Jacobs* stock sale agreement was very similar to the clause at issue here. *Id.* at 202-203. The *Jacobs* Court concluded that the appraisal clause could not be unilaterally revoked by plaintiff, given the difference between an arbitration and an appraisal. *Id.* at 204. In light of *Jacobs,* I believe that our current disposition is correct.